## John T. Kitchen v. John F. Crawford.

Where service has been by publication only, and the defendant petitions for a new trial within the time prescribed by the statute, (Hart. Dig. Art. 783,) it seems that the petition should show that the defendant had a meritorious defence to the action, and that he was deprived of the opportunity of availing himself of it at the trial, and of moving in proper time for a new trial, by reason of the want of personal service, or actual notice of the suit.

The jurisdiction of the Court, where service is made by publication, is not determined by the affidavit for publication, but by the fact as to the non-residence, &c., of the defendant. But Quere, whether the judgment is void or voidable, where service has been made by publication, on a resident defendant?

In a petition for a review and reversal of a judgment, where service was made by publication, on the ground that the defendant was not liable to be served by publication, it is necessary not only to negative the ground on which the publication was obtained, but every other ground on which it might have been regularly obtained, and to show that the defendant had a fixed residence within the State, which was known or which might have been known to the plaintiff by the use of proper diligence.

Where a defendant has not been personally served nor had actual notice of an action, and has a meritorious defence, a new trial will be granted after the Term.

The Judge of one District can grant an injunction to restrain the execution of process issued from another District into the former. And see what is said about the power of the Judges to issue remedial writs without regard to territorial limits.

Appeal from Harris. Action by the appellee against the

appellant. Affidavit by plaintiff that defendant "is not an "inhabitant or resident of the State of Texas, to the best of "his knowledge and belief." Service by publication. Judgment by default. Execution to Milam county. Petition by defendant to the Judge of the third Judicial District for an injunction to the Sheriff of Milam county, and for citation to the plaintiff to show cause at next Term of Harris District Court, why the judgment should not be annulled, for causes alleged in the petition. Order for injunction accordingly, dated at Brenham, and directed to the Clerk of Harris District Court. Injunction accordingly. The petition alleged a good defence; "And petitioner further represents that said "John F. Crawford instituted said suit with a view of cheat-"ing and defrauding him, as he was a resident of Burleson "county, State of Texas, at and before the time of the insti-"tution of the suit, and has since that time lived in Burleson "and Milam counties, and service could have been obtained "upon him at any time since the sale of said slave Bartlett." (The suit grew out of said sale.) "Petitioner further repre-"sents that he has never received any notice of the institu-"tion of said suit until informed that the Sheriff of Milam "county held the execution against him." On demurrer of Crawford, the injunction was dissolved, and the petition dismissed.


*P. W. Gray*, for appellant. I. As to the general power of the Judges of the District Courts to grant remedial writs, see Const. Art. IV. Sec. 10; Hart. Dig. Art. 640, 643, 646.) Rule XXX. adopted by the S. C. of the Republic, for the government of the District Courts, (1 Tex. R. 852) is obsolete, or repealed by implication by the new rules adopted in 1847. It is, moreover inconsistent with the Constitution and Act above cited.

II. The appellant adopted the proper mode of proceeding. (1 Tex. R. 228; 3 Id. 268; 8 Id. 342; 9 Id. 58; 10 Id. 190; Madd. Ch. 542-3; Story, Eq. Pl. Sec. 420.)

III. The facts alleged entitled the appellant to relief on the ground of fraud. (8 Tex. R. 12; 1 Story Eq. Sec. 187, 188, 192; 3 Cr. R. 306; 2 Mo. R. 145; Smith's L. C. Am. Ed. 500.) The defendant was a resident of Burleson county. (Hart. Dig. Art. 667; 8 Tex. R. 122; 4 Id. 122; 6 Id. 392.)

*Henderson & Sabin*, for appellee. It is contended by appellee that the Judge of one District cannot grant remedial writs in cases arising in another District; and this is clearly manifest from the Constitution of the State of Texas. Art. IV. Sec. 6 and 10 provides for a Judge of each District, with general powers to grant all remedial writs to enforce their own jurisdiction. Sec. 14 provides for the exchange of Judges, but when that exchange is made, the Judge acting is the Judge of the District in which he may be, and as we contend, by virtue of the authority conferred in the Constitution to exchange Districts, and not by virtue of his being a District Judge of the State of Texas. Any other construction would give him power to hold Courts out of his District, without the exchange with the Judge of the District, which certainly cannot be done. Suppose the Judge of this District should fail to open his Court in Galveston on the day fixed by law, and the Judge of the 7th Judicial District, without an exchange with the Judge of this District, should, by virtue of his election in the 7th Judicial, claim to hold the Court at Galveston, could he do it? We contend not.

II. The question of jurisdiction, raised by appellant, it is conceived, is not correct. The District Court of Harris county is a Court of general jurisdiction. It was the county of the residence of plaintiff, and the subject matter was an amount to give that Court jurisdiction, and as decided in this Court in the case of McMullen v. Guest, 6 Tex. R. 279, that the residence of the plaintiff and the non-residence in the State of defendant, gave jurisdiction to the Court in the county of the residence of plaintiff.

The question then not being one of jurisdiction, but one of

privilege, the appellee can only at most be permitted to review the decision of the Court upon the facts as enrolled and certified by the Court, or for errors of law upon the face of the decree.

In this case he does not seek to do that; he is attempting to raise the question of privilege in a former suit, by tendering an issue as to his residence at the time of the institution of the former suit; he is attempting to attack the truth of the affidavit made to obtain process.

This Court has decided that matters in an affidavit for attachment is not traversable. (Cloud v. Smith, 1 Tex. R. 611.) Will they hold that an affidavit for service in a publication case is traversable. We think not.

WHEELER, J. In the late case of Mussina v. Moore, *Supra*, it was held that the 129th Sec. of the Act to regulate proceedings in the District Court, which authorizes a "petition of review" for the reversal of judgments rendered in cases where service has been by publication only and on an *ex parte* hearing, (Hart. Dig. Art. 783,) does not contemplate a bill of review strictly and technically, as known to Courts of Chancery, but was intended to afford a more ample remedy, and to give the defendant, who, from want of actual notice of the suit, had been deprived of the opportunity of being heard to contest the plaintiff's demand and assert his matters of defence, upon a proper application, the right to a retrial and reinvestigation of the merits of the case ; and that the petition for this purpose will be deemed legally sufficient, on demurrer, if it appear by its averments that the defendant had a meritorious defence to the action, and that he was deprived of the opportunity of availing himself of it at the trial, or of moving in proper time for a new trial, by reason of the want of personal service, or actual notice of the suit.

The petition in this case is clearly sufficient under the ruling in the case of Mussina v. Moore, and this might suffice for the present disposition of the case. But other questions

have been raised in argument, which will necessarily arise in the future progress of the case, and some notice of them hear may remove the occasion for a second appeal.

There are certain predicaments of fact, or conditions, necessary to authorize service by publication. These are, that the defendant is not a resident of this State ; that he is absent from the State ; that he is a transient person ; or that his residence is unknown to the plaintiff, his agent or attorney. (Hart. Dig. Art. 813.) Except upon one of these conditions, citation by publication is not legal service, and the proceedings and judgment had against the defendant thereupon, will be irregular and voidable for the want of it. The law regards the affidavit of the party, his agent or attorney, sufficient *prima facie* evidence to authorize the proceeding by publication. But it is not the making of the affidavit, but the truth of it, that is, the existence in fact of the assumed condition, which enables the Court to acquire jurisdiction over the person of the defendant by publication. The law proceeds upon the *prima facie* evidence of the fact afforded by the affidavit ; but that is but *prima facie* evidence, and may be rebutted by proving the contrary ; which, we think, it was the intention of the law to enable the defendant to do by the direct proceeding which it gives by a petition of review to revise the judgment. And if in this proceeding it be proved that a predicament of fact did not exist which authorized service by publication, it will be ineffectual, and the proceeding had thereupon will be set aside, as irregular. This view of the effect of service by publication seems too clear upon principle to require the support of authority, and a single reference will suffice to show that it is not a new view. In the case of Snowden v. Snowden (1 Bland. 550) the Chancellor said, " The publication (against a non-resident) is to stand in the " place of actual notice only in case the party be in fact a " non-resident ; and therefore, if he does not in fact at the " time reside out of the State, such a substitute for the actual " service of process cannot be resorted to for the purpose of

" enabling the Court to act upon the case ; and therefore, the
" decree will be void, since the publication against a non-resi-
" dent can in no way be fashioned, like a commission to take
" the answer of an infant defendant, to suit both alternatives
" of a residence or a non-residence ; and consequently, if the
" publication be not valid upon the ground of the actual non-
" residence of the party, it is a nullity to all intents and pur-
" poses whatever." (Id. 558.) These observations will serve
sufficiently to illustrate the view of the case we have taken.
But it is to be observed that the question as to the effect of the
decree rendered in such a case was not before the Court in
that case, and the observation that it would be void, is to be
regarded as *dicta.* In the case of Jermain v. Langdon (8
Paige, 41) Chancellor Walworth, though he did not express a
decisive opinion, because it was not necessary in that case,
stated that it was his impression that, where the order for
publication has been obtained upon a proper affidavit of the
defendant's non-residence, the proceedings and decree would
not be void for want of jurisdiction, though the defendant had
a residence in the State, but would be merely voidable for ir-
regularity. " There can be no doubt, however, (he said) that
" it is clearly irregular to proceed against a party, as absen-
" tee, who has a fixed and notorious residence in the State."
And it was held, under the statute of that State, that if the
defendant applies the first opportunity after he has notice of
the proceedings against him, and before a sale under the de-
cree, he will be let in to defend of course, and without costs ;
(and see Evarts *et al.* v. Barker, Id. 506.)

If, therefore, in the present case, the defendant was not in
fact a non-resident, or absent from the State, but was present,
having a fixed residence within the State, which was known,
or, what is the same in law, which might have been known
to the plaintiff by the use of proper diligence, and it had been
so averred in the petition, proof of it would avoid the service
by publication, and let in the defendant to all the defences to
which he would have been entitled if there had been personal

service. But the petition for review does not negative every predicament of fact, which authorized service by publication, but only that the defendant was a non-resident. It does not aver that his residence either was, or by the use of proper diligence might have been known to the plaintiff. It does not very distinctly aver that he had a fixed residence in any one county of the State; but only that at and before the time of instituting the suit, he was a resident of Burleson county, " and has since that time lived in Burleson and Milam counties." It does not appear by averment that upon a proper affidavit, service might not have been legally made by publication. But it does appear that the defendant had a meritorious defence to the action, and that he had not personal service, or actual notice of the suit, and was thereby deprived of the opportunity of making his defence. The case, therefore, comes within the decision in the case before cited of Mussina v. Moore, and the defendant is entitled to a hearing and a retrial of the case upon the merits.

The injunction in this case was granted by the Judge of the third District, and it is made a question whether it was competent for the Judge of that District to grant an injunction to restrain the execution of process issued and returnable in the seventh District. The power is conferred upon the District Judges by the Constitution (Art. 4, Sec. 10) " to issue all " writs necessary to enforce their own jurisdiction, and give " them a general superintendence and control over inferior ju- " risdictions;" unlike that conferred upon the Judges of the Supreme Court, which is confined to certain enumerated writs " and such other writs as shall be necessary to enforce their own jurisdiction, and also to compel a Judge of the District Court to proceed to trial and judgment in a cause." (Art. 4, Sec. 3.) It was left to the Legislature to prescribe regulations for the exercise of the power conferred upon the Judges of the District Courts, and the limitations and restrictions which should govern its exercise. And in the Act to define the powers and jurisdiction of the District Courts, the authority

to issue certain enumerated writs, among which writs of injunction are included, is conferred upon the Judges, "and each of them," to be exercised "either in vacation or Term time," without any limitation or qualification, except as respects writs of mandamus. (Hart. Dig. Art. 643.) Other statutes prescribe the terms on which writs shall issue, but contain no restriction upon the general power of the Judges as respects the jurisdictional limits within which it may be exercised. The Judges are elected for certain Districts, in which they are required to reside, (Const. Art. 4, Sec. 6, and Hart. Dig. Art. 640,) but, in the discharge of their duties, they may exchange Districts "when they may deem it expedient," and discharge the functions of their office in Districts other than those for which they were elected. (Const. Art. 4, Sec. 14.) They are conservators of the peace throughout the State. (Hart. Dig. Art. 641; Const. Art. 4, Sec. 9.) And there is in the Constitution and laws, nothing to restrict to any certain judicial or territorial limits less than those of the State, their general power to grant remedial writs. Whether the party applying for a mandate, which is designed to operate upon persons or things within a District other than that in which the Judge resides, shall set forth in his application matter of excuse for not addressing it to the Judge of the District in which the mandate is to operate, is a matter which must rest in the discretion of the Judge to whom the application is made, and cannot be the subject of revision upon appeal to this Court.

We are of opinion that the Court erred in sustaining the demurrer to the petition, and that the judgment be reversed and the cause remanded.

Reversed and remanded.