**DUNLAP v. WRIGHT.   (No. 270.)**

(Court of Civil Appeals of Texas. Waco. November 12, 1925. Rehearing Denied and Dissenting Opinion Jan. 28, 1926.)

1. **Judgment** &⟶335(2)—"Good cause," authorizing new trial after default judgment based on service by publication, defined.

Under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 2026, authorizing new trial for "good cause shown" after default judgment on service by publication, "good cause" is shown where defendant shows that he had no actual notice of pendency of suit, and has meritorious defense which would probably cause different judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

2. **Judgment** &⟶335(2)—Facts held to justify granting new trial to defendant after default judgment based on service by publication.

That maker, by tendering full amount due, could have discharged vendor's lien and prevented foreclosure sale if he had actual notice of action, *held* sufficient to justify new trial, under Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 2026, after default judgment rendered on service by publication.

3. **Judgment** &⟶335(1) — Statute authorizing new trial after default judgment against defendant on service by publication construed.

Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 2026, authorizing new trial for good cause shown, where default judgment has been entered after service by publication, in effect provides merely for motion for new trial after adjournment of term, notwithstanding it is called "bill of review"; it being continuance of original suit and not independent action.

4. **Vendor and purchaser** &⟶288—Purchaser at foreclosure sale held chargeable with knowledge of, and to take subject to, defendant's right to vacate judgment.

Vendor who purchased lots at foreclosure sale under his vendor's lien on default judgment against purchaser after service by publication, and persons holding under him, were charged with knowledge of, and took subject to, defendant's right to have judgment vacated under Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 2026.

─────────────────────────────────────────

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(280 S.W.)

**5. Judgment &#9094;335(4) — Liberal discretion should be used in granting new trial under statute after default judgment on service by publication.**

Liberal discretion should be used in granting new trial under Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 2026, authorizing new trial in case of default judgment on service by publication.

On Motion for Rehearing.

**6. Appeal and error &#9094;1003—Verdict, contrary to positive unimpeached testimony of interested party, may be set aside and judgment rendered.**

Where evidence of interested party is direct, positive, and unimpeached, verdict contrary thereto may be set aside on appeal and judgment rendered, especially where evidence of such party is given by deposition.

**7. Appeal and error &#9094;1177(6)—Where trial court overruled defendant's motion for new trial after default judgment on service by publication, held that Court of Civil Appeals, on reversal will remand.**

Where trial court overruled defendant's motion for new trial under Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914, art. 2026, after default judgment on service by publication, and its findings did not show whether defendant had actual notice of suit, and whether, if he had, he would have paid note sued on, preventing foreclosure of vendor's lien, *held* that on reversal case will be remanded.

Stanford, J., dissenting.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Action by F. D. Wright against Daniel D. Dunlap. From a judgment denying defendant's application for new trial by bill of review, defendant appeals. Reversed and remanded.

Witt, Terrell & Witt, of Waco, and J. E. Woods, of Teague, for appellant.

Bryant & Goar, of Wortham, and C. S. Bradley, of Groesbeck, for appellee.

GALLAGHER, C. J. This is an appeal from a judgment denying a new trial in a case in which service was had by publication. Appellant, Daniel D. Dunlap, purchased from appellee, F. D. Wright, two lots in an addition to the city of Wortham in Freestone county. He paid $250 cash, and gave two notes for $150 each. He paid the first note when due. He was notified of the maturity of the second note by the First State Bank of Wortham, which held the same for collection. He made some attempt to get in communication with appellee for the purpose of securing an extension, but failed to do so. He did see the real estate agent through whom he purchased said lots. He claimed such agent assured him that an extension would be agreeable to appellee. Said agent seems to have been without authority in the premises, but he testifies that he told appellant that he felt sure appellee would extend the note, but that he would have to see appellee in person.

The second and last note matured May 1, 1922. Appellee instituted suit thereon on September 19, 1922, and caused citation to issue thereon to Limestone county. Said citation was returned unexecuted. Appellant at that time resided in the city of Mexia in said county, and his address was Kemp building, Mexia, Tex., which address was known to said First State Bank of Wortham. Appellant moved to Cisco, December 1, 1922, and resided there until about April, 1923, when he moved to Los Angeles, Cal., where he has since continuously resided. Appellee testified that he made some inquiries in Mexia in an attempt to locate appellant, but was unable to do so. On January 2, 1923, affidavit for citation by publication was filed and service by publication had. On May 30, 1923, judgment was rendered against appellant in favor of appellee for the amount of said note, with interest and attorney's fees, and for foreclosure of the vendor's lien. Order of sale was issued, and the property sold thereunder to appellee for the sum of $100. Except as above stated, no demand was made upon appellant for payment of said note. He testified that he was at all times ready, willing, and able to pay the same, and would have paid the same had he been required to do so. He had no notice of the institution of said suit nor of the judgment rendered therein nor of the sale of his property thereunder until January, 1925.

Appellant, on January 22, 1925, which was within two years after the rendition of said judgment, filed in said cause a bill of review in the nature of a motion for new trial. For defense to the cause of action asserted in said suit, appellant alleged that he was ready, willing, and able to pay appellee's demand in full, and for the purpose of paying the same and all expenses incident thereto, he deposited in the registry of the court the sum of $300, which sum is conceded to be sufficient for said purpose. Appellant's said motion was submitted to the court and overruled, and a new trial denied. This order or judgment of the court is presented to us for review by this appeal.

[1, 2] Article 2026, Complete Texas Statutes 1920 or Vernon's Sayles' Ann. Civ. St. 1914, provides, in substance, that in cases in which judgment has been rendered on service of process by publication and the defendant has not appeared in person or by attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown. Good cause, as used in said statute, is shown in such cases when it is made to affirmatively appear that the defendant had no actual

notice of the pendency of such suit, and that he has a meritorious defense to either the whole or a part of the cause of action asserted therein, the presentation of which would probably have resulted in the rendition of a different judgment. Kitchen v. Crawford, 13 Tex. 516, 522; Wiseman v. Cottingham, 107 Tex. 68, 72, 174 S. W. 281, 282. The cause of action asserted in this suit by appellee was his right to a recovery in the amount of his debt, which was evidenced by the note sued on, and his right to a decree foreclosing his vendor's lien on the lots for which said note was given, and directing the sale of the same in satisfaction of such recovery. Appellant had the right, and, if he had been served in person with process or had had actual notice of the pendency of the suit, he would have had the opportunity to answer therein and tender the full amount of appellee's demand, and thereby discharge the lien on his lots and prevent their seizure and sale to satisfy such demand. Such answer and tender would have constituted a complete defense to appellee's demand for foreclosure. Appellant was denied the opportunity to exercise such right and to interpose such defense because of his lack of knowledge of the pendency of the suit.

[3, 4] Appellee seeks to sustain the action of the court in overruling appellant's motion on the ground that appellant knew where appellee resided, and that he was still the holder of the note; that the same had been, in effect, presented for payment by the notice sent to appellant by said bank; that appellant left the neighborhood and located at a distant point in the state, leaving appellee in ignorance of his whereabouts; and on the further ground that there was testimony tending to show that the sum bid by appellee for said lots was the fair value of the same at the time. We do not think the matters so relied on constitute in themselves any bar to the relief sought by appellant in this proceeding. It is but a continuance of the original suit, and does not possess the character of an independent action in equity to review said judgment. While this application is by the terms of the statute called a bill of review, it amounts to no more than a motion for a new trial, permitted by virtue of the statute to be filed and heard after the adjournment of the term. Houston Oil Co. v. McCarthy (Tex. Com. App.) 245 S. W. 651, 653. Appellant's default in not paying the debt before suit did not deprive him of his legal right to pay the same in full at any time before final judgment and thus prevent a foreclosure. It is sufficient if a legal defense is shown. Fred v. Fred, 58 Tex. Civ. App. 574, 126 S. W. 900, 901; Miles v. Dana, 13 Tex. Civ. App. 240, 36 S. W. 848, 851. Neither was his right to a new trial in any way abridged because he changed his place of residence, and appellee did not know his whereabouts. The sum bid by appellee for

the lots at the sale under his foreclosure was materially less than the amount of his judgment. He was charged by law with knowledge of appellant's right to institute this proceeding and upon proper showing to vacate said judgment, and he and those, if any, claiming under him hold said lots subject to the exercise of such right by appellant. Glaze v. Johnson, 27 Tex. Civ. App. 116, 65 S. W. 662 (writ refused).

[5] A liberal discretion should be employed in the granting of a new trial under this statute. It is plainly authorized where it appears that a defendant was cited by publication, that he did not know of the pendency of the suit, and that he has a good defense thereto in whole or in part, which he was denied the opportunity of presenting, and where it further appears that his application is made in accordance with the statute. Wiseman v. Cottingham, supra. Appellant, by proving the allegations of his motion for new trial, and by tendering and paying into the registry of the court the full amount of appellee's demand, together with all costs incurred, showed sufficient cause for the award of a new trial, and the court erred in denying the same. The note sued upon was not introduced in evidence, and we are therefore without sufficient data to determine the amount of appellee's debt at this time, and cannot render judgment therefor.

The judgment of the trial court is reversed, and the cause is remanded.

## On Motion for Rehearing.

Daniel D. Dunlap, appellant herein, has filed a motion asking that, instead of remanding the cause, we enter final judgment herein disposing of the entire case, or, in any event, that we enter an order granting a new trial and remanding the cause for such trial before the court below.

F. D. Wright, appellee herein, has filed a motion for rehearing, in which he asks us to set aside the order reversing and remanding, and to affirm the judgment of the trial court. He also insists that, even in the event we should refuse to affirm the case, appellant is not entitled to have final judgment rendered disposing of the entire case, nor to have an order granting a new trial and remanding the cause for such trial in the court below.

We will first consider appellee's contentions. They are based principally on the fact that the burden of showing good cause for granting of a new trial was imposed by law upon appellant, and upon the further fact that the material allegations of his motion were proved by his own testimony alone; that appellant was cited by publication, and that he did not appear on the original trial of the case either in person or by counsel of his own selection, was conceded. He was therefore entitled to the benefit of the statute under consideration by showing good cause for a new trial. What constitutes good cause

as defined by our Supreme Court is stated in our original opinion, and need not be here repeated. Appellant testified that the first information or knowledge that he had that suit had been instituted against him on said note was in January, 1925, and that, if he had received notice of the pendency of such suit or had known of such pendency, he could and would have obtained the money and paid the note, and that he was at all times ready, able, and willing to do so. No other witness testified to such facts. Neither did any witness testify to the contrary. The existence of such facts was indispensable to entitle appellant to a new trial. The court denied the motion for a new trial.

Appellee contends that, inasmuch as appellant was an interested witness, the court had a right to reject his testimony entirely, notwithstanding such testimony was not contradicted by any other witness, and notwithstanding the same was concerning matters peculiarly within his own knowledge, and which would not necessarily be known to any other person. He further contends that, the court having denied the motion, we should presume in support of such action that he did reject such testimony. Appellee admits that this court has jurisdiction to reverse a finding of fact by the trial court or by a jury, if this court is of the opinion that such finding is without support in the evidence or against what this court deems the preponderance of the evidence, but he insists that this court has no authority or jurisdiction after reversing such finding to make a contrary finding of fact based on the testimony of an interested party alone and render judgment thereon, notwithstanding such testimony may not be contradicted by any other testimony in the record. He cites, in support of this contention, the following cases: Cheatham v. Riddle, 12 Tex. 112, 118; Coats v. Elliott, 23 Tex. 606, 613; H. E. & W. T. Ry. Co. v. Runnels, 92 Tex. 305, 307, 47 S. W. 971; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447, 450; Keton v. Silbert (Tex. Civ. App.) 250 S. W. 316, 318; Guaranty State Bank v. Roark (Tex. Civ. App.) 243 S. W. 591, 594; Queen v. Turman (Tex. Civ. App.) 241 S. W. 786, 788; Brannan v. First State Bank (Tex. Civ. App.) 211 S. W. 945, 946; Mills v. Mills (Tex. Com. App.) 228 S. W. 919, 920; Dendinger v. Martin (Tex. Civ. App.) 221 S. W. 1095, 1096; Friemel v. Coker (Tex. Civ. App.) 218 S. W. 1105, 1107; Cochran v. Hamblen (Tex. Civ. App.) 215 S. W. 374, 381; Rayner v. Posey (Tex. Civ. App.) 173 S. W. 246, 249; Groves v. Whittenberg (Tex. Civ. App.) 165 S. W. 889, 891; Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350.

[6] It has been frequently held, however, that, when the evidence of an interested witness is direct and positive on the point at issue, and where there are no circumstances in the record tending to discredit or impeach his testimony, a verdict contrary thereto will be set aside, that such testimony will justify an instructed verdict, and that a judgment contrary thereto may be reversed and rendered. Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951, 952; Starkey v. Wooten Grocery Co. (Tex. Civ. App. 143 S. W. 692, 693, 694; Friedman v. Peters, 18 Tex. Civ. App. 11, 44 S. W. 572; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, 972 (writ refused); Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039, 1042 (writ refused Com. Judges); McKeever v. Dittman (Tex. Civ. App.) 262 S. W. 1054, 1058; Daggett v. Worsham & Co. (Tex. Civ. App.) 264 S. W. 180, 185; Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 754, 756; Malone v. National Bank of Commerce (Tex. Civ. App.) 162 S. W. 369, 370; Houston v. Holmes (Tex. Civ. App.) 262 S. W. 849, 850; Long v. Shelton (Tex. Civ. App.) 155 S. W. 945, 946; King v. Worthem (Tex. Civ. App.) 37 S. W. 1133. The last case emphasizes the fact that the testimony of the interested party was given by deposition, as was the testimony of appellant in this case, and that therefore the appellate court was in as good attitude to pass upon the credibility of the witness as the trial court.

Appellee contends that there are circumstances in evidence in this case tending to discredit the testimony of appellant on the points at issue, of sufficient probative force to justify the trial court in rejecting his testimony and in rendering judgment against him. We refrain, in view of another trial, from discussing the circumstances upon which he so relies, but we have examined and considered the same, and have reached the conclusion, after considering the testimony as a whole, that such testimony is insufficient to support the judgment of the trial court denying appellant's motion for new trial in this case.

Appellant asks us to render judgment herein, either disposing of the whole case, or granting his motion for new trial, and remanding the cause for such trial in the court below. The case of Wiseman v. Cottingham, cited in our original opinion, was very similar to this case. In that case the holder of an unpaid vendor's lien note, together with the superior title, elected to sue to recover the land. She did sue and recover the same on account of default in the payment of said note. The party to whom the land had been conveyed and who gave said note had died prior to the institution of said suit and the property had passed to his heirs. Two of said heirs were served with citation in person and made default. The other heirs of the grantee in said conveyance were sued as unknown and cited by publication. Two of the heirs so cited filed a motion for new trial under the statute here under consideration. They admitted the entire indebtedness claimed to be unpaid, and tendered the amount thereof in money, and paid the same into the registry of the court to be applied

in satisfaction of such indebtedness. The trial court found as a fact that good cause for new trial was shown, set aside the judgment, required the plaintiff to accept the money in the registry of the court in satisfaction of her claim, and confirmed title to the land in the heirs of the grantee in said conveyance. The Court of Civil Appeals affirmed the judgment. 141 S. W. 817. The Supreme Court granted a writ of error, and, on hearing of the case, affirmed the judgment of both of said courts. 107 Tex. 68, 174 S. W. 281.

[7] Where a new trial is granted, and the plaintiff's cause of action is based on a moneyed demand, admitted to be due and recoverable, and satisfaction thereof is tendered, and the money paid into the registry of the court, and foreclosure thereby defeated, it seems that, after granting a motion for a new trial, such new or subsequent trial is a mere matter of form. The trial court in Wiseman v. Cottingham evidently so regarded it, and disposed of the whole case at the time the new trial was granted. The trial court, however, in this case overruled appellant's motion. He incorporated in his judgment certain findings of fact. As we construe these findings, they do not touch the issues of whether appellant had actual notice of the pendency of this suit, whether he was ready, willing and able to pay the note sued on in time to prevent a judgment of foreclosure on his property, and whether he would have done so and saved his property if he had known of the pendency of the suit. The parties apparently tried the case on the theory that these matters were of minor importance.

We have decided, after considering the entire record in this case, to overrule appellant's motion, and to let our judgment remanding the cause stand. It is so ordered.

STANFORD, J. Not being able to agree with my associates in the disposition of the motion for rehearing in this cause, I hereby file the following dissenting opinion:

As stated in the majority opinion, this is an appeal from a judgment denying a new trial in a case in which service was had by publication. The suit was based upon a vendor's lien note executed by appellant, in part payment for two lots in Wortham; said note being for $150, and falling due May 1, 1922. Appellant was duly notified of the maturity of said note by the First State Bank of Wortham, which held the same for collection. About December 1, 1922, appellant moved from Mexia, Tex., to Cisco, and resided there until about April, 1923, when he moved to Los Angeles, Cal., where he has since continuously resided. This suit was filed September 19, 1922, and citation issued to Limestone county, and was returned by the sheriff of said county, reciting he was unable to locate defendant in said county, after which, about January 2, 1923, an affidavit for citation by publication was filed and service by publication duly had. On May 30, 1923, judgment was rendered in favor of plaintiff for the amount of said note and foreclosing the vendor's lien. Order of sale was issued and the property sold thereunder to appellee for $100 on October 2, 1923. The trial court found that said property "was sold for an adequate price under the facts then existing." The bill of review for a new trial was filed January 22, 1925.

The record further discloses that about the time the note sued upon fell due, May 1, 1922, appellant went to Wortham to try to get the note extended, but was unable to see appellee, so no extension was made. Aside from this trip to Wortham, he manifested no interest in the matter, moved from Mexia to Cisco and from Cisco to California, and lived there to January, 1925, without ever paying the note, offering to pay it, or even making any inquiry about it, not even paying any taxes on the property for 1922, 1923, and 1924—in fact, paid no attention to the note or the property until the oil boom started up in Wortham, when he became alive, as is shown by his evidence as follows:

"I made inquiry in January, 1925, in regard to said property, because I understood an oil well had been discovered in that vicinity, and I wished to perfect the title so that I could execute an oil and gas lease upon the property, * * * so I had my partner, Mr. Hardin, wire Mr. O'Neal at Teague, Tex., to attend to the matter of perfecting the title and securing prospective leases of the property for me."

Article 2026 of our statutes provides:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by an attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit, filed within two years after the rendition of such judgment."

This statute was enacted in 1846, and has been referred to and construed many times, and it has been universally held that, in order for a defendant to be entitled to a new trial, he must allege and prove, among other things, that he had a good defense—a meritorious defense—to plaintiff's cause of action. Kitchen v. Crawford, 13 Tex. 516; Mussina v. Moore, 13 Tex. 7; Snow et al. v. Hawpe, 22 Tex. 171; Schleicher v. Markward, 61 Tex. 99; Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181.

The trial court in this case found, in effect, that appellant owed the note sued upon in the original case, and that same was secured by the vendor's lien on the lots, and that appellant had no defense to the original suit, and so overruled the application for a new trial. This court held that appellant had a good defense in part at least, in that he could and doubtless would, if he had known of the suit, paid off said note and court costs

and prevented a foreclosure, and based said holding on the opinion of our Supreme Court in the case of Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281. But, in view of many other prior decisions of our Supreme Court, it is thought by the writer that this court has erred in applying said decision to the facts of this case. In that case T. A. Cottingham had given a vendor's lien note, which was transferred to Mrs. Wiseman, and after the death of Cottingham, and after an ineffectual effort by Mrs. Wiseman to collect said note from the administrator of his estate, she procured the vendor's superior title to be transferred to her, and abandoned her efforts to collect said note, and brought suit against the administrator and the heirs of T. A. Cottingham to recover the land, and cited some of said heirs by publication, and on trial judgment was rendered for Mrs. Wiseman for said land. Within two years, two of said heirs, living, one in North Carolina and the other in Missouri, filed their petition for a new trial, which was granted, and our Supreme Court said, in effect, that they had a good defense to the recovery of said land, in that they, by paying said incumbrance, would have been entitled to recover the land.

This decision is doubtless correct as applied to the facts of that case, but the facts are quite different from the case before us. The Cottingham heirs had inherited an interest in land, incumbered, but it was not their debt, they were in no way obligated to pay such debt, and they not only had no notice of the suit to recover said land, but, as far as the opinion in that case shows, did not know of the existence of any incumbrance against said land. The suit was not brought to recover a debt against said heirs, or any one else, and foreclose a lien, but was for the recovery of land on the ground that plaintiff in that case held the superior title. These heirs did have a good defense, a meritorious defense to the suit for recovery of the land, and that defense was not the performance of something which was the very object of the suit to compel them to perform, and such defense was not the performance of something they were legally obligated to do, but the performance of a thing that was not charged against them or any one else, a thing that was not sought by the suit, and a thing they were in no way obligated to perform. But in the case before this court appellant had executed the vendor's lien note sued upon. He had obligated himself to pay it May 1, 1922. He did not pay it, and never offered to pay it until in January, 1925, nearly three years after its maturity, and more than a year after a foreclosure was had, and in his petition for a bill of review he, in effect, admitted plaintiff's cause of action as set out in plaintiff's petition in the original suit, but said he had a good defense, in that, if he had known of the suit, he could have paid off said note and thereby stopped said suit. The defense referred to by our Supreme Court in Mussina v. Moore, 13 Tex. 7, is thus stated by Justice Lipscomb: "And that he had a good defense against the suit."

In Kitchen v. Crawford, 13 Tex. 519, our Supreme Court, by Justice Wheeler, in reference to what is now article 2026, said:

This act "does not contemplate a bill of review strictly and technically, as known to courts of chancery, but was intended to afford a more ample remedy, and to give the defendant, who, from want of actual notice of the suit, had been deprived of the opportunity of being heard *to contest the plaintiff's demand* and assert his matters of defense, upon a proper application, the right to a retrial and reinvestigation of the merits of the case; and that the petition for this purpose will be deemed legally sufficient, on demurrer, if it appear by its averments that the defendant had a meritorious defense to the action," etc.

In Snow v. Hawpe, 22 Tex. 171, the "good defense" referred to was "that the cause of action, upon which the judgment was obtained, was false and unfounded, and that the judgment rendered thereon is fraudulent and void."

In the case of Schleicher v. Markward, 61 Tex. 103, our Supreme Court, by Chief Justice Willie, said:

"Our own decisions are to the effect that, on application to review a judgment rendered upon service by publication, the applicant must allege that he has a good defense to the claim upon which the original suit was founded," etc.

See, also Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181.

The good defense, or the meritorious defense, referred to by our Supreme Court in all cases where the question has been discussed, seems to be a defense that would defeat plaintiff's claim or show that he had no claim. So far as the writer has been able to find, there is no decision from any of the appellate courts of this state to the effect that the right of a defendant to admit plaintiff's cause of action in the original suit and to pay off same and thereby stop such suit constitutes a good defense or a meritorious defense to plaintiff's cause of action as referred to in article 2026 of our Revised Statutes. Such holding was reached by analogy between this case and the case of Wiseman v. Cottingham, above referred to, but it is thought we have extended the decision in that case too far. If our holding in the original opinion herein should become the law in this state, it is thought it would be equal to adding a provision to article 2026, to the effect that in all cases where foreclosure of any kind of a lien is sought, and process served by publication, the defendant shall have two years in which to redeem his property. The Legislature has never enacted such provision, and, if such was their intention, it seems they would have incorporated said proviso in said statute.

The trial court found that appellant had no defense to said original suit, and the writer is of the opinion that the trial court was right, and that this motion should be granted, and the judgment of the trial court affirmed.