**RAILWAY EXPRESS AGENCY, Inc., v.
ROBINSON et al.
No. 2447.**

Court of Civil Appeals of Texas. Waco.
May 21, 1942.

Rehearing Denied June 18, 1942.

F. A. Woods, of Franklin, and Walter M. Nold, of Houston, for appellants.

Turner, Rodgers & Winn, of Dallas, Lane & Grace, of Hearne, Sewell, Taylor, Moris & Connally, of Houston, Bush & Parten, of Franklin, and Andrews, Kelley, Kurth & Campbell, of Houston, for appellees.

TIREY, Justice.

Plaintiffs brought this suit against International Great Northern Railroad Company, its trustee, and members of its train crew, and Railway Express Agency, Inc., to recover damages for injuries resulting in the death of Ralph L. Robinson, sustained in a crossing accident. The plaintiffs are the widow and father of the deceased. At the conclusion of the evidence the court granted plaintiffs' motion to dismiss their suit against International-Great Northern Railroad Company, R. H. Fitts, G. F. Bratz and J. H. Chapman. On the verdict of the jury the court awarded judgment in favor of the widow in the sum of $15,000, and in favor of the father in the sum of $1,000 against the Railway Express Agency, Inc., and entered judgment in favor of all other defendants (the trustee and the engineer). The Railway Express Agency, Inc., has appealed. The plaintiffs have perfected their cross-appeal as against all other defendants.

For convenience the parties will be referred to as "plaintiffs," "Express Company," and the "Railroad Company."

The Express Company seasonably presented its motion for an instructed verdict, which was overruled, and the error assigned is raised by points 1 and 2 in its brief. Points 1 and 2 are substantially: (1) The court erred in holding that there was evidence sufficient to sustain the finding that the Express Company was guilty of negligence, because the delivery truck it furnished to Robinson to do its work had only one cab exit instead of two; and (2) the evidence is insufficient to support the finding of proximate cause. Plaintiffs grounded their cause of action against the Express Company solely upon the theory that it was guilty of negligence in not furnishing Robinson a safe place to work, in that the truck furnished to him was so constructed that there was only one entrance into and exit from the cab of the truck; and that such acts of negligence were a proximate cause of the injuries sustained by Robinson.

█ The evidence adduced on the points in question was substantially as follows: Ralph L. Robinson had been in the employ

of the Express Company for many years and was the agent at Hearne at the time of his death. The Express Company furnished to the Hearne office a 1928 Model A, Ford delivery truck (cab type) to be used in the furtherance of its business, and Robinson, at times, used the same for "pick-ups" and deliveries. The cab of the truck had an opening on the right which was used for the ·entrance and exit (no door), and an immovable panel on the left which was closed about half way. The construction of the cab was such that the driver could not get out from the left side unless he moved from under the steering wheel to the right thereof and climbed over the same and out at the opening in the panel. The evidence shows that the opening on the right-hand side was ample for entrance into and exit from the cab on the right side. There is no direct testimony as to the exact mission that Robinson was on at the time he received his injuries, the evidence merely showing that he was driving the Express Company's truck, and that the accident occurred during his working hours. We think the evidence is sufficient to show prima facie that Robinson was engaged in his master's work. Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, writ refused; Taylor, Bastrop & Houston Ry. Co. v. Warner, 88 Tex. 642, 32 S.W. 868; Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057. The plat offered in evidence shows that the Railroad Company's tracks run north and south at the scene of the accident and are approximately straight. On the morning of September 16, 1939, Robinson drove the Express Company's truck in a westerly direction and approached the railroad crossing at a rate of speed estimated from 10 to 18 miles per hour. A train was approaching the crossing from the north, the engine backing, pulling a train of cars, at a rate of speed estimated from 10 to 18 miles per hour. Robinson operated the truck onto the track in front of the approaching train and came to a stop, and the tender struck the truck (on the right side) almost simultaneously. The truck was knocked to the left and was dragged in a southerly direction along the railroad track for a distance of 143 feet from the crossing, which was also the point where the locomotive stopped. One of Robinson's limbs was caught in the guard rail approximately 100 feet from the crossing and was torn from

his body, but Robinson was still in the seat of the truck, which was "pretty well demolished," at the point where the engine stopped. He died en route to the sanitarium.

On the issues pertinent to the liability of the Express Company the jury found (a) that the truck was so constructed that there was only one exit from the cab of the truck; (b) that such construction was. negligence; (c) that such negligence was the proximate cause of the death of Robinson; (d) that the truck in question was an ordinary and customary type of truck in general use as a delivery truck for express service; and (e) that it was. not an unavoidable accident.

■ It is "the duty of the master to· exercise due care to furnish the servant a reasonably safe place to work, * * * and, if the negligence of the master renders such place unsafe and the servant is injured in consequence thereof, liability attaches, provided the injury is such as, under the attendant circumstances, might reasonably have been foreseen; that is, if it is the natural and probable, and hence the proximate, result of the negligence." Missouri, K. & T. Ry. Co. v. Graham, Tex. Com.App., 209 S.W. 399, point 4, page 403; Taylor v. White, Tex.Com.App., 212 S.W. 656, points 1-3, page 657.

■ The first question that presents itself is: Did the Express Company breach its duty to Robinson by failure to exercise due care to furnish to him a reasonably safe place to work? We think not. The jury found that the truck furnished by the Express Company to Robinson was an ordinary and customary type of delivery truck in general use for express service. The evidence is ample to support this finding. Plaintiffs say that the Express Company's witness, Oyer, testified, on cross-examination, that a vehicle with only one entrance or exit was unsafe. We find that the witness did so testify; but this witness further stated, on re-direct examination, when a picture of the particular type of truck was exhibited to him and after he had in mind the entrance and exit on the right of the truck and the opening in the panel on the left, as follows:

"Q. How many places of entrance or exit do you find on that truck? A. I see two.

"Q. Where is the place of entrance or exit on that truck? A. One on the right

hand side and also one on the left hand side.

"Q. Is that a door or panel? A. That is a panel.

"Q. Is that a place of entrance or exit, or not? A. It wouldn't necessarily be a place of entrance. It could be used as an exit.

"Q. Do you or not regard that as an unsafe truck to ride in—for one person to ride in making deliveries? A. I do not. * * *

"Q. Then when counsel asked you about trucks having no more than one exit, did you mean a delivery truck like that, or mean public busses? A. I was referring to a bus, not necessarily this type of vehicle. In this type of vehicle I see two exits. * * *

"Q. But even with that panel in there below the window, state whether or not you regard it as an unsafe vehicle? A. I do not."

We think that Oyer's testimony not only failed to raise the issue that the construction of the type of cab in question was negligence but, on the contrary, negatives such issue. See Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, point 6, page 279, and Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ. App., 96 S.W.2d 788, points 2, 3, page 790. We have carefully searched the record and fail to find any direct evidence to raise the issue that the construction of the cab of the type in question was negligence. Nor do we find any facts or circumstances from which the jury could infer that such construction was negligence. Neither the existence of a legal duty nor a breach thereof can be presumed, but must be proved. 45 C.J. 1151. We therefore hold that the issue of negligence against the Express Company was not raised by the evidence, and that the evidence conclusively shows that the Express Company did not breach its legal duty to Robinson. To hold otherwise, in the absence of a breach of legal duty, would require the Express Company to furnish equipment to its employees with which to do its work which would make accidental injuries impossible. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, point page 164. "To hold a master responsible, a servant must show that the appliances and instrumentalities furnished were defective. A defect cannot be inferred from the mere fact of an injury. There must be some substantive proof of the negligence. Knowledge of the defendant or some omission of duty in regard to it must be shown." Looney v. Metropolitan Ry. Co., 200 U.S. 480, 26 S.Ct. 303, at page 305, 50 L.Ed. 564. It follows that we think the trial court should have instructed a verdict for the Express Company. Radley v. Knepfly, 104 Tex. 130, 135 S.W. 111, point page 113, and authorities there cited.

But if we concede that the construction of the cab of the truck was negligence, we think the plaintiffs' case must fail as against the Express Company for another reason, namely, because the evidence did not raise the issue of proximate cause against this defendant. " * * * a mere showing of negligence will not justify holding the one guilty thereof liable for damages. The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of the resulting injuries. In order for it to be said that an injury proximately resulted from an act of negligence, the evidence must justify the conclusion that such injury was the natural and probable result thereof. In order to justify such a conclusion, the evidence must justify a finding that the party committing the negligent act ought to have foreseen the consequences thereof in the light of the attendant circumstances." Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847, points 1–4, page 849. See, also, Texas & P. Ry. Co. v. Bigham, supra. The burden was on plaintiffs to prove that the negligence complained of against the Express Company was a proximate cause of the accident and resulting injuries to Robinson. "The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." Texas & P. Ry. Co. v. Guidry, Tex.Civ.App., 9 S.W.2d 284, point page 285, writ refused, affirmed 280 U. S. 531, 50 S.Ct. 159, 74 L.Ed. 596. Can it be said that this accident would have occurred, and the resulting injuries sustained, but for the stopping of the truck on the track and the striking of the same by the train? We think not. Can it be said that the Express Company owed Robinson the legal duty to guard against that which it could not foresee? We think not. Could the Express Company foresee that Robinson would operate the truck in question onto the railroad

track, in front of an approaching train, or that the truck would stop on the railroad track in front of the train? We think not. Nor could the Express Company foresee that the operator of a train would approach the crossing at the time in question and collide with the truck operated by Robinson, or anyone else, almost simultaneously with the stopping of said truck on the track; nor could the Express Company foresee that such collision, or a similar collision, would close the exit on the right of the cab of the truck and prevent the escape of the operator of the same; nor could it foresee some like injury as the result of such impact. Texas & P. Ry. Co. v. Bigham, supra. We think the evidence adduced conclusively shows that the active (intervening) cause which produced the accident and resulting injuries to Robinson was the operation of the truck onto the railroad track, and the stopping of same thereon in front of an approaching train, together with the striking of the truck by the train; and that these events resulted from the acts of Robinson and the acts of the operators of the train and were wholly independent of the acts and conduct of the Express Company and wholly disconnected from it; and because thereof, the issue of proximate cause against the Express Company was not raised by the evidence, and plaintiffs wholly failed to carry their burden on this vital point.

We think that the trial court should have instructed a verdict for the Express Company for another reason. The engineer on the train testified, among other things, substantially to the effect that when he first saw Robinson in the truck, he was approaching the crossing at a rate of speed of about 15 miles per hour and that his train was making about the same speed; that Robinson drove the truck upon the track and stopped it in front of the train and the collision occurred almost instantaneously; that Robinson did not have time to get out of the truck, no matter what kind of openings the truck may have had in the cab; that if Robinson had gotten out on the right-hand side, the tender would have caught him, and that if he had gotten out on the left-hand side of the truck, the truck would have caught him when it turned over; that there just wasn't time for Robinson to get out of the truck. Chapman and Fitts, also members of the train crew and eyewitnesses to the accident, testified substantially to the same effect. This was not denied by any witness. It is true that each of these witnesses was an employee of the Railroad Company (and were party defendants) but their evidence is direct and positive and unimpeached on the point at issue and, as we view the record, there are no circumstances in the record tending to discredit or impeach their testimony. This testimony had the effect to relieve the Express Company from the negligence of which it had been guilty, if any, in the type of truck it furnished to Robinson with which to do its work and left the responsibility for the accident, under all of the evidence, to be fixed solely between Robinson and the Railroad Company. See Dunlap v. Wright, supra, and Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., supra, and for collation of authorities.

Because of the views heretofore expressed, the remaining errors assigned by the Express Company become immaterial.

Plaintiffs' 46th assignment of error is: "In the alternative, plaintiffs say that they do not know of any jury misconduct, do not in fact believe that there was any jury misconduct, but say that if they be mistaken in this and if the court finds that there was misconduct, as alleged in Paragraph 21 of the motion for new trial of Railway Express Agency, Inc., then the whole verdict should be set aside and a new trial should be granted" against all other defendants. Plaintiffs have filed two briefs; one is filed in answer to the brief of the Express Company; the other is in support of their cross-appeal against the Railroad Company. Counter-point 5, in their reply brief to the Express Company, is: "In the event the court should find that there was unauthorized conduct of the jury sufficient to warrant a reversal of the case, the case should be reversed as to all parties." On counter-point 5, the plaintiffs, in their brief, say: "The Railway Express Agency in its brief has set out the testimony of the jurors concerning their method of arriving at a verdict. That the jury was confused in attempting to answer over 130 special issues is not to be charged either to their intelligence or good faith. That is a fault of the system, which has been utilized by exigency for that very purpose. Plaintiffs below are embarrassed by the fact that they are appellants as to the Railroad Company and appellees as to the Railway Express Agency. If there was no misconduct the Express Agency's contention must fall. If there was misconduct the Railroad Company must

face a reversal. The attorneys do not know how to take both sides of an argument. They, therefore, content themselves with a reservation of their rights as to either party in either event, and with the statement that the testimony of the jurors must be correlated with established rules of law."

Point 2 of plaintiffs' brief against the Railroad Company is: "The judgment in favor of the trustee of the Railway Company and Clarence A. Wahlers must be reversed because of misconduct of the jury." On this point the plaintiffs, in their brief, say: "The Railway Express Agency, Inc., has raised and will raise an issue, undoubtedly, in its brief upon the question of the misconduct of the jury. If the court should find that there was misconduct of the jury, then of course the whole case must be reversed and remanded. These appellees raise this issue and rely upon it and reserve the right to file a supplemental brief upon this issue in the event they deem it necessary. These appellees believe it advisable in the present stage of the briefs not to burden the court with an argument upon this point at this time." Plaintiffs have filed no other briefs.

We find that plaintiffs' 46th assignment of error is also the 46th paragraph or ground urged by them in their first amended motion for new trial. We find no other reference made by them in said motion to the misconduct of the jury. We think the foregoing is insufficient to raise the issue of misconduct of the jury on plaintiffs' behalf under either the old or new rules. Rule 374, Vernon's Texas Rules of Civil Procedure, in part, provides: "The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived." This cause was tried in the court below and the appeal perfected to this court before September 1, 1941. The cause was duly submitted on February 19, 1942, at which time briefs of all parties had been seasonably filed.

■ Our view is that plaintiffs did not raise the issue of misconduct of the jury; and because of the view we have taken as to the liability of the Express Company, this issue passes out of the case.

The only point remaining in the case in plaintiffs' behalf against the Railroad Company is plaintiffs' point 1, which is: "The jury's findings applicable to plaintiffs' case against the trustee for the Railroad Company are so contradictory as to be irreconcilable and a judgment cannot be properly predicated thereon." We overrule this contention.

The jury convicted Robinson of negligence in the following respects and found that each was a proximate cause of the collision: (a) failure to keep a proper lookout; (b) failure to ascertain that the train was in close proximity to the crossing as his truck approached the same; (c) failure to ascertain that there was a train in close proximity to the crossing while his truck was still at a safe distance from the crossing; (d) failure to listen for the whistle of any train that might have been approaching the crossing; (e) failure to listen for the ringing of a bell on a locomotive which might have been approaching the crossing; (f) failure to bring the truck to a stop before reaching the crossing to ascertain whether a train was approaching; (g) failure to bring his truck to a stop and permit train to pass over the crossing; (h) driving the motor truck in which he was riding in front of the approaching train; (i) failure to ascertain that the way was clear and safe before attempting to cross the track.

■ The rule in Texas is "* * * the existence of an irreconcilable conflict between certain findings is immaterial, if there remains at least one finding supporting the judgment which is not in conflict with any other." Aranda v. Texas & N. O. Ry. Co., 140 S.W.2d 236, 240, pars. 10, 11, and 12 (writ dismissed, judgment correct) and authorities there cited. We have considered plaintiffs' brief very carefully, and we are of the opinion that it wholly fails to point out any conflict in the jury's findings to (a), (b), (c), (f), (g), (h), and (i), hereinabove set out. Plaintiffs, in their brief, say, with reference to the above findings, that "if clear and uncontradicted, would indicate contributory negligence." We think that such findings do show contributory negligence and that they preclude any other conclusion. But plaintiffs further contend that "the jury did find in answer to all questions that Robinson's negligence so found was not the sole proximate cause or gross negligence, and further found that the collision was not the result of an unavoidable accident, so that these issues have

no part in this case on appeal." We overrule this contention and think that it is contrary to the express holding of our courts as indicated by the decisions hereinabove cited.

But plaintiffs say substantially that since the jury, in answer to special issue 92, found that Robinson was not negligent in permitting the truck to come to a stop on the crossing immediately before the train reached the crossing, such finding of the jury is in conflict with special issues 86, 87, and 88, which issues convicted Robinson of negligence for driving the truck in front of an approaching train and found that same was a proximate cause of the accident. We cannot agree with this contention. We think it is perfectly consistent for the jury to have believed and found that Robinson was guilty of negligence in operating the truck in front of the approaching train and, at the same time, to have been of the further opinion and found that his act in permitting the truck to come to a stop on the crossing immediately before the train reached the same was not negligence, because of the fact that the jury could have consistently believed that the stopping of the truck on the track was beyond Robinson's control. The driving of the truck onto the crossing in front of an approaching train is a different and distinct act from permitting the truck to stop on the crossing in front of an approaching train.

Plaintiffs further contend substantially that since the jury found, in answer to special issue 107, that Robinson did not fail to reduce the speed of the truck while approaching the crossing, after the train was in position to be seen by him, so that the truck could have been stopped in time to avoid the collision with the train, and further found, in answer to issue 108, that his conduct in this respect was not negligence, that these findings are in conflict with all other issues which convicted Robinson of contributory negligence. We cannot agree with this contention. We think the jury's finding that Robinson reduced the speed of his truck while approaching the crossing, after such train was in position to be seen by him, so that the truck could have been stopped in time to avoid the collision with the train, is not inconsistent with the jury's finding that he failed to keep a proper lookout, nor with the jury's finding that he did actually drive his truck onto the crossing in front of an approaching train.

But plaintiffs further contend substantially that since the jury found, in answer to special issue 97 that Robinson, after discovering the presence of the train approaching the crossing and after realizing the peril incident to attempting to drive over said crossing, did not fail to exercise ordinary care with the use of the means at hand and consistent with his own safety and that of the motor truck to avoid the collision by remaining in a place of safety and because the jury so found that the finding thereon is contradictory of and irreconcilable with all findings convicting Robinson of contributory negligence. We overrule this contention. We think a careful consideration of the issue and the answer thereto show that the finding thereon by the jury is not inconsistent with the jury's finding that Robinson failed to keep a proper lookout, nor with the jury's finding that he did actually drive his truck onto the crossing in front of an approaching train, because said issue is predicated upon what Robinson did after he saw the train approaching the crossing, and the evidence is undisputed that when Robinson saw the train it was in close proximity to him and that the wheels of his truck skidded as it approached the crossing; and such finding does not contradict the finding of the jury that Robinson failed to keep a proper lookout for a train approaching from the northeast before he reached the main line of the railroad track where the collision occurred; and it certainly does not contradict the finding of the jury that Robinson failed to ascertain that there was a train in close proximity to the crossing as his truck approached the same, nor with the finding of the jury that Robinson drove the truck in front of the approaching train.

We have carefully considered each of the remaining arguments advanced by the plaintiffs in their brief on the alleged conflicts, and we are firmly of the opinion that they do not present error and that a further discussion of the same would be of no avail and would unduly extend this opinion.

It follows from the views heretofore expressed that the judgment entered by the trial court in favor of the plaintiffs against the Express Company must be reversed and judgment rendered in favor of the Express Company, and that the judgment entered in favor of the Railroad Company against the plaintiffs must be in all things affirmed.

Reversed and rendered in part and affirmed in part.