## LONDON ASSUR. CORPORATION v. BELCHER et al. (No. 9108.)

Court of Civil Appeals of Texas. Galveston. March 24, 1928.

Rehearing Denied April 26, 1928.

**1. Frauds, statute of ⊜⟿143(1)—Insurer cannot claim that verbal agreement to which it was stranger, whereby mortgagor and mortgagee attempted to abrogate provisions of trust deed violated statute.**

Insurance company, being an utter stranger to agreement between mortgagor and mortgagee, whereby they attempted verbally to abrogate written provisions of deed of trust relative to insurance on property, was in no position to claim that such agreement was in violation of the statute of frauds.

**2. Insurance ⊜⟿336(2)—Insurer cannot escape liability on ground person was excessively insured by reason of renewal insurance issued without knowledge of owner or mortgagee.**

Where insurance company carrying policies on building issued new policies without knowledge of owner and mortgagee, who had agreed to make change in insurance, insurer, under another policy secured by owner pursuant to such agreement, cannot escape liability on ground property was insured for more than terms of policy permitted, on theory that policies issued by original insurer were valid and enforcible.

**3. Insurance ⊜⟿598—Judgment in suit on fire policy properly bore interest from May 1 following February in which proof of loss was made.**

Where proof of loss under fire insurance policy was made in February, judgment in suit to recover thereon properly bore interest from May 1 of such year.

**4. Insurance ⊜⟿378(1)—Insurer contracting to pay insured stipulated amount, with knowledge that she was only part owner, is legally liable for such amount.**

Where insurer knew that insured was only part owner of insured property, and contracted to pay to her amount stipulated for in policy, it was legally liable for such amount.

Error from District Court, Anderson County; Ben F. Dent, Judge.

Action by Mrs. George Belcher and others against the London Assurance Corporation, wherein Mrs. Fink intervened. From the judgment, defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

J. D. Pickett, of Palestine, for appellees.

GRAVES, J. These litigants will here be designated as appellant and appellees, instead of as in the record.

Appellees Mrs. Belcher and children, for the benefit of themselves and of their coappellee, Mrs. Fink, as their mortgagee, sued appellant upon its fire policy No. D. H. 6861212, dated June 18, 1925, carrying a loss-payable rider in favor of Mrs. Fink as her interest might appear of date August 24, 1925, insuring their dwelling house and contents against fire until June 18, 1926, in the sum of $1,500, $1,000 of it upon the house, the remaining $500 upon the furniture therein. They declared that on January 24, 1926, both the house and furniture had been totally destroyed by fire, or, if not, were damaged thereby to the extent of $6,000 on the house and $2,500 on the furniture, and that appellant had wrongfully refused to pay, etc. Mrs. Fink, by intervention, independently set up her rights under the policy as such mortgagee.

In defense, as against all adverse parties, the appellant averred that the policy sued upon was void and not binding upon it for three reasons: (1) That the appellees other than intervener had procured and had in force at the time of the fire insurance on the building to the extent of $5,000, which was more than the policy sued upon permitted; (2) that Mrs. Belcher, the insured under the policy, was not the sole and unconditional owner of the property covered, as its terms required; (3) that, in further violation of the policy's terms, foreclosure proceedings against the property had been commenced, judgment therein rendered on or about July 7, 1925, and order of sale, under which the sheriff had seized and given notice of the sale of it, had been issued on or about July 27, 1925.

It further pleaded that, in event of any liability on its part, the same could not exceed its pro rata portion of the loss, considering the total insurance carried, and sought subrogation to the intervener's rights against the other appellees, in event she was held entitled to recover anything against it.

The cause went to a jury on special issues, upon which, in substance, these findings were made:

(1) The amount of damage to the building covered by the policy from the fire on January 24, 1926, was $4,750.

(2) The property was Mrs. Belcher's homestead at the time the policy was issued.

(3) The value of the household furniture destroyed by the fire was $3,000.

(4) This property was Mrs. Belcher's homestead at the time the fire occurred.

(5) This property was the community property of Mrs. Belcher and her deceased husband.

(6) Mrs. Keller, defendant's agent, before the policy was issued knew that the property was owned jointly by Mrs. Belcher and the other plaintiffs.

(7) Due proof of loss was made in February, 1926.

(8) P. H. Hughes, the agent of the Continental and North British & Mercantile Insur-

ance Companies, told Mrs. Belcher that, upon the expiration of the two policies issued by him, and then held by Crane as security for a loan, his agency would not renew them, or issue others in lieu of them.

(9) Crane told Mrs. Belcher that on the expiration of those two policies he would not undertake to procure other insurance himself upon the property.

(10) Before the fire, Mrs. Belcher did not know that the policies issued by the Grigsby & Hughes Agency had been issued and mailed to Crane.

(11) Mrs. Belcher advised the defendant's agent at the time its policy was issued that a suit to foreclose a deed of trust lien on the property described in the policy was then pending in the district court of Anderson county. She notified ·defendant's agent before the fire that a notice of sale of the property covered by defendant's policy had been issued.

The judgment of the court was that Mrs. Belcher recover from the appellant the sum of $500, with interest from May 1, 1926; that Mrs. Fink recover from Mrs. Belcher and George M. Belcher $1,574.90, with interest at 10 per cent. per annum from January 17, 1927, together with foreclosure of deed of trust lien; that Mrs. Fink recover from appellant the sum of $1,000, with interest from May 1, 1926; that the other appellees take nothing; that appellant take nothing ·by its cross-action.

The appeal proceeds under a number of propositions, which comprehend · five contentions: (1) The undisputed evidence showed that there was extant more insurance on the property covered than the terms of the policy in suit permitted, thereby making it void and unenforceable; (2) the trial court committed reversible error in submitting to the jury special issues Nos. 2, 4, 6, 7, 8, 9, and 10, as above enumerated; (3) the two policies shown to have been issued by the Grigsby and Hughes agency were valid and enforceable, constituted additional insurance within the prohibitory terms of the policy sued upon, and defeated it; (4) there was no evidence to support the jury's answers to special issues Nos. 1, 7, and 9; (5) the judgment was excessive in two particulars—(a) a greater recovery than appellant's pro rata part of the loss was allowed, (b) interest was allowed to begin from an earlier date than 60 days after the proof·of loss was made.

None of these contentions, we think, can be sustained. Of them, the one most earnestly urged is that for excess insurance, embraced under Nos. 1 and 3 above. It consists of the claim that two policies for $1,000 each that Mrs. Belcher carried for the benefit of Mr. Crane, her mortgagee at that time, as his interest might appear, and which expired by their terms in March and April of 1925, respectively, had been carried forward into two other or renewal, policies for like amounts

severally dated April 17 and June 1, of 1925, that were in full force and effect at the time of the fire; the added amount thereof running the total insurance she then had above the permissible maximum.

In this connection, it is seriously argued that the undisputed evidence showed these two last mentioned renewal policies to have so been in force when the fire occurred and binding upon Mrs. Belcher, whether she had known· of. their existence or not up to that time, and that both she and Mr. Crane were precluded from denying such to be the fact; Camden Fire Ins. Ass'n v. Sutherland (Tex. Com. App.) 284 S. W. 927, among other cases, being cited in support.

As we read the record, the practically undisputed evidence established the controlling facts just the other way; that is, it was here shown that neither Mrs. Belcher nor Mr. Crane ever consented to the renewal or continuance of the insurance she so carried for his benefit into these declared-upon policies of April 17 and June 1, of 1925, which situation plainly distinguishes this cause from the cited Sutherland Case, et omne genus.

It is true that the deed of trust Crane held, which had been given back in July of 1924 and was still in force at the time the policy in suit was issued, contained a recitation, in substance, that Mrs. Belcher would insure the dwelling here involved for Crane's benefit to the extent of his debt, and, if she failed to do so, he himself had the right to so insure it, and that, contemporaneously with the giving of that deed of trust, she complied with such provision by procuring for his benefit from 'the P. H. Hughes agency two policies for $1,000 each, but, as already indicated, these policies expired by their terms in March and April of 1925, and were never renewed or carried forward into others with the consent of either Mrs. Belcher or Mr. Crane; on the contrary, as the jury on undisputed testimony found, prior to their expiration, Mrs. Belcher made a different arrangement with both Messrs. Crane and Hughes whereby that was expressly not to be done, and, by the uncontroverted testimony, that arrangement was regarded as final and was lived up to by all three of the parties to it— Mr. Hughes died without violating it; Mr. Crane, in observance thereof, thereafter left the matter of insurance on the property entirely to Mrs. Belcher; and she, as she had stipulated that she would do in making it with Mr. Hughes, about 30 or 60 days, respectively, after the expiration of the two policies he had issued to her, again procured insurance in like amounts for Mr. Crane's benefit but in other companies, not knowing at the time that Mr. Hughes' successors had made any effort to renew his two expired policies. It is further shown, likewise without any conflict, that these successors of Mr. Hughes, the Grigsby & Hughes Agency, after his death and on the expiration of these two

policies he had so issued, without any understanding of any sort with either Mrs. Belcher or Mr. Crane, issued and mailed to the latter, as being in renewal of them, the two policies herein claimed by appellant to have constituted the excess insurance. Mr. Crane testified that, on receiving them through the mail, he, mindful of the contrary agreement he had made with Mrs. Belcher, pigeon-holed them in his desk as waste paper, and that they so remained there until called for by appellant's agents at or about the time this suit was filed, while Mrs. Belcher said she never knew that they had been so issued or mailed until after the filing of the suit.

On these facts, appellant insists that Mrs. Belcher was bound anyway by the Grigsby & Hughes Agency's issuance of the two policies declared upon, and that they constituted valid outstanding insurance against her, urging as supporting considerations: (1) That she and Mr. Crane could not verbally so abrogate the written provisions of the deed of trust between them; (2) that, since there were no policies at all extant on the property for more than a month following the expiration of the original P. H. Hughes policies, except those so issued by the Grigsby & Hughes Agency, "both Mr. Crane and Mrs. Belcher could and would have collected upon the latter," had the fire occurred during that period.

[1] Neither of these deductions we think is sound; in the first place, even if the statute of frauds could properly be said to apply to these contractual relations between Mrs. Belcher and Mr. Crane, appellant, not being a party but an utter stranger thereto, was not in position to take advantage of it. Lee v. Stowe & Wilmerding, 57 Tex. 444; Gulf, C. & S. F. Ry. Co. v. Settegast, 79 Tex. 256, 15 S. W. 228; Robb v. Ry. Co., 82 Tex. 392, 18 S. W. 707; Lewis v. Vaughan (Tex. Civ. App.) 144 S. W. 1186; W. U. Telegraph Co. v. Taylor (Tex. Civ. App.) 167 S. W. 289; Graham v. Kessler (Tex. Civ. App.) 192 S. W. 299; De Proy v. Progakis (Tex. Civ. App.) 259 S. W. 620; Simpson v. Green (Tex. Com. App.) 231 S. W. 375.

[2] In the second place, it is not only an assumption unwarranted by anything in the record to say that either Mrs. Belcher or Mr. Crane would have so changed front upon what both so positively testified they never recognized as valid insurance, but also an argument that gets nowhere toward establishing that such policies were binding upon them. It could as well and with as much force be said that, had the supposed contingency happened, and this suit been upon those policies, appellant both could and would have successfully defended it on the ground that they never took effect as contracts, because the minds of the parties never met upon them as such.

[3, 4] The remaining presentments are without merit; indeed, several of them having in effect been adversely disposed of in what has already been said. We find no lack of evidence supporting any of the challenged findings of the jury, and conclude that the questions submitted fairly presented the issues raised by the pleadings and evidence. There was no excessive recovery, because (1) the evidence showed that proof of loss was made in February of 1926, hence the judgment properly bears interest from May 1, of that year; and (2), since appellant knew Mrs. Belcher was only part owner of the insured property and so contracted to pay to her the amount stipulated for therein, it is legally liable for that amount, and cannot be permitted to escape the payment of any part thereof, without injustice to the other coowners. East Texas Fire Ins. Co. v. Crawford (Tex. Sup.) 16 S. W. 1068; 14 R. C. L. p. 1307, § 480; Welsh v. London Assurance Cor., 151 Pa. 607, 25 A. 142, 31 Am. St. Rep. 786; Sampson v. Grogan, 21 R. I. 174, 42 A. 712, 44 L. R. A. 711.

From these conclusions it follows that the trial court's judgment should be affirmed; that order has accordingly been entered.

Affirmed.