GIRARD FIRE & MARINE INS. CO. et al. v. FARMER et al.

No. 1586—5956.

Commission of Appeals of Texas, Section A. Nov. 9, 1932.

E. G. Senter, of Dallas, for plaintiff in error.

Thompson, Knight, Baker & Harris, George S. Wright, and Coffman & Coffman, all of Dallas, for defendants in error.

CRITZ, J.

The facts of this case are undisputed; hence only a question of law is involved. As shown by the record before us, one G. P. Collins owned certain property in the city of Dallas, Tex. Gaulding Mortgage Company held a mortgage or deed of trust on this property to secure the payment of an indebtedness in the principal sum of $2.500 owed by Collins. The mortgage in question required the owner to keep the improvements on the property insured against loss by fire for the benefit of the holder as his interest might appear.

In obedience to his contract above, and for his own benefit as well, Collins took out three policies of fire insurance covering the improvements on the above premises aggregating $3,500. Each of these policies contained the usual loss payable clause in favor of Gaulding Mortgage Company.

After the happening of the above events, and while the above three policies were in force, Collins sold and conveyed the property in question to Mrs. Gladys Farmer. Mrs. Farmer either assumed or took the property subject to the loan and debt held by the mortgage company. At the time she purchased the property, Mrs. Farmer expressly told Collins that she would not take over any of his insurance, but would get her own insurance through another agency. Thereupon Mrs. Farmer took out a policy of insurance in Girard Fire & Marine Insurance Company, hereafter called the Girard Company, in the sum of $4,050. This policy also contained the loss payable clause in favor of the mortgage company.

All four policies above mentioned are Texas standard policies.

After the happening of the above events, and with all four policies uncanceled and in force so far as time of coverage was concerned, the property insured was damaged by fire in an amount in excess of $4,050.

The case was tried on an agreed statement of facts, and we here copy from same as follows:

"Shortly after the fire Mrs. Farmer called the Gaulding Mortgage Company over the phone advising that company of the fire, and that the Girard Fire & Marine Insurance Company had issued the $4,050.00 above described to her. A few days later Mrs. Farmer went to the office of the Gaulding Mortgage Company and was then advised by the Gaulding Mortgage Company that there was some interest in arrears on the mortgage, and. Mrs. Farmer left the policy of the Girard Fire & Marine Insurance Company with the Gaulding Mortgage Company as security for the mortgage held by it.

"On the 14th day of September, 1928, Mrs. Gladys Farmer executed and filed with Girard Fire & Marine Insurance Company proof of loss, which was acceptable to the Girard Fire & Marine Insurance Company. On the 22nd day of November, 1928, Gaulding Mortgage Company executed and delivered to each of the three companies carrying the G. P. Collins insurance a proof of loss, to which no objection was made, each of said companies taking the position, however, that there was no liability under its policy.

"In April, 1929, Mrs. Gladys Farmer, the assured under the Girard Fire & Marine Insurance Company policy, executed written transfer to the Gaulding Mortgage Company of any and all claims she had against Girard Fire & Marine Insurance Company under the policy of insurance issued by said company, as security for the Gaulding Mortgage Company mortgage on the property described in said policy.

"After the fire the Pacific Fire Insurance Company, the London & Mancashire Insurance Company, and the Mercantile Insurance Company each claimed there was no liability under the respective policies issued by said companies to the assured named in said policies or to Mrs. Gladys Farmer, and all parties to this cause agree that that claim is correct, the Girard Fire & Marine Insurance Company claiming, however, that the companies carrying the Collins insurance were liable for the whole amount of the mortgage, and that the Girard Fire & Marine Insurance Company was liable only for the difference between the mortgage and the damage of $4050.00.

"On June 3, 1929, in consideration of the amount then due upon said mortgage the Gaulding Mortgage Company transferred to Geo. S. Wright as trustee for the three insurance companies carrying the Collins policies said deed of trust notes and mortgage securing the same and all claims that it might have against the Girard Fire & Marine Insurance Company under its policy, No. D–1034.

"And on the same date Mrs. Gladys Farmer, the assured named in Girard Fire & Marine Insurance Company policy, transferred all rights or claim she might have against said Girard Fire & Marine Insurance Company to said Geo. S. Wright as trustee for said three insurance companies, and the amount of money paid by said Geo. S. Wright as trustee for said three insurance companies was not made as a payment under said policies, but as a purchase as trustee for said three insurance companies of said deed of trust notes and mortgage securing the same.

"In open court the Girard Fire & Marine Insurance Company, through its counsel, stated that no claim was made by the Girard Fire & Marine Insurance Company that its policy of insurance was void, but that its position was that the companies carrying the policies in the name of Collins were liable to the mortgagee to the extent of the mortgage debt, and that the Girard Fire & Marine Insurance Com-

pany was responsible to Mrs. Gladys Farmer only for the difference between the mortgage debt and the amount of loss and damage. The plaintiff and the intervenor, Geo. S. Wright, trustee, stated to the court that they claimed that the Girard Fire & Marine Insurance Company was liable for the $4050.00 with interest, under the facts in the case Geo. S. Wright as trustee and assignee being entitled to $3048.84 as of date November 15, 1929, and Mrs. Gladys Farmer being entitled to $1244.16 as of date November 15, 1929."

Under the above record, the district court rendered a judgment against the Girard Company for the full amount of its policy $4,050. This judgment was apportioned $1,244.16 to Mrs. Farmer and $3,048.84 to the trustee. In other words, the district court held the Girard Company liable for the entire loss. On appeal by the Girard Company, the Court of Civil Appeals, in an opinion on rehearing, in all things affirmed the judgment of the district court. 36 S.W.(2d) 282. The Girard Company brings error.

From what has been said it appears that this suit involves a dispute between the first three insurance companies who issued policies to Collins and the Girard Company who issued the policy to Mrs. Farmer.

At this point it will be noted that the three Collins policies each contained the following stipulation: "On payment to such mortgagee of any sum for loss or damage hereunder, if this company shall claim, as to the mortgagor, or owner, no liability existed, it shall, to the extent of such payment, be subrogated to the mortgagee's right of recovery and claim upon the collateral to the mortgage debt."

From the statement we have made, it is evident that, at the time this case was tried in the district court, Wright, as trustee for the three companies who issued the Collins policies, held the claim of Mrs. Farmer against the Girard Company, so far as its liability on the mortgage was concerned. Such trustee also held the claim of the mortgage company against Mrs. Farmer, and against the property and the Girard Company to the same extent. Under such circumstances, the trustee is asserting the right to collect from the Girard Company the mortgage debt taken over by him from the mortgage company.

■ When the fire occurred, the Girard Company had no defense to any claim of Mrs. Farmer for the full amount of its policy. She had refused to take over the Collins policies, and had taken out her own insurance, as she had a perfect right to do. The three companies carrying the Collins insurance each had a complete defense to any claim by either Collins or Mrs. Farmer. This was because Collins had sold the property to Mrs. Farmer, and such policies had never been transferred to her. By virtue of the mortgage clause above quoted, the only right the mortgage company had against the three companies who had issued the Collins policies was to require them to take up its mortgage debt. This they did; but, in view of the fact that they were not in any way liable to Mrs. Farmer, their purchase of said debt did not extinguish it, but left it in full force so far as any rights she had were concerned.

It appears from what we have said that the three companies who had issued the policies to Collins owed him no liability, and also they owed no liability to Mrs. Farmer. The mortgage clause above quoted, in legal effect, provides that, if the companies issuing them owe no liability to the mortgagor or owner on account of any loss or damage to the property, on payment of such mortgage, they should be subrogated to the rights of the mortgagee, etc. We have already demonstrated that these three companies owed no duty to either Mrs. Farmer or to Collins. It follows, since the Girard Company owed Mrs. Farmer the duty to pay the amount of the policy by paying the mortgage to its holder, and paying to her the balance, that it owed the trustee of the three companies who issued the Collins policies, as the holder of the mortgage debt, the amount thereof, and owed Mrs. Farmer the balance. The trial court and Court of Civil Appeals both so adjudged.

■ The Girard Company contends that, since its policy contains the same clause as is above quoted and discussed, it has the same rights as the first three companies. This contention must be overruled as to that company because the mortgage clause contained in its policy cannot apply in this case. This is because the Girard Company did owe the owner a liability, and such clause only applies in cases where the insurer owes no liability to the owner.

We recommend that the judgment of the Court of Civil Appeals and district court be both affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.