**UNION ASSUR. SOC., Limited, et al. v. EQUITABLE TRUST CO. et al.**

No. 12716.

Court of Civil Appeals of Texas. Fort Worth.

June 24, 1933.

Rehearing Denied Sept. 30, 1933.

See, also, 58 S.W.(2d) 58.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellants.

Smith & Smith, of Fort Worth, and Benjamin Chilton, of Dallas, for appellees.

DUNKLIN, Justice.

The Union Assurance Society, Limited, has appealed from a judgment rendered against it in favor of the Equitable Trust Company, a corporation, and Hugh L. Pope, trustees, and the Calvert Mortgage Company on a fire insurance policy hereinafter noted.

The case was tried before the court without a jury, and the facts hereinafter related appear in the findings of fact and conclusions of law filed by the trial judge.

On May 29, 1928, the Union Assurance Society, Limited, executed and delivered to W. T. Casstevens, the owner of a dwelling house, an insurance policy against loss or damage of the house by fire in the sum of $3,000. The policy is what is known as the Texas standard form of policy, and contained the usual provisions that it would be void should the assured thereafter procure any other contract of insurance upon the same property unless otherwise provided by agreement of the insurance company. The policy contained these further provisions:

"This policy, as to the interest herein of the said payee as mortgagee or trustee only, shall not be invalidated by any act or neglect of the mortgagor or owner of the above described property, or by commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor of any change in the interest, title or possession of the property, nor by any increase in hazard; provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee or trustee shall on demand pay the same; and provided further, that the mortgagee or trustee shall notify this company of the commencement of foreclosure proceedings and of any notice of sale relating to the property, and of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee or trustee, and unless permitted by this policy the same shall be noted thereon and the mortgagee or trustee shall on demand pay the premium for any increased hazard.

"Failure upon the part of the mortgagee or trustee to comply with any of the foregoing obligations shall render the insurance under this policy null and void as to the interest of the mortgagee.

"In case of any other insurance upon the within described property, this company shall not be liable to said mortgagee or trustee under this policy for a greater proportion of any loss or damage to the within described property, than the amount hereby insured bears to the whole amount of insurance on said property, payable to, held or consented to by said mortgagee or trustee.

"Upon payment to such mortgagee or trustee of any sum for loss or damage hereunder if, this company shall claim that as to the said mortgagor or owner no liability existed, it shall to the extent of such payment be subrogated to the mortgagees or trustees right of recovery and claim upon the collateral to the transferred debt, without impairing the mortgagees or trustees right to suit, or it may pay the mortgaged debt and require an assignment thereof, and of the mortgage."

On July 13, 1928, Casstevens sold the dwelling house and the lot on which it was situated to J. J. Prentice, and at the same time assigned to the purchaser his interest in the fire insurance policy, with the knowledge and consent of the Union Assurance Society, Limited. On July 17, 1928, which was four days after that conveyance, Prentice, joined by his wife, executed two certain mortgages upon the property so acquired to the Murray Investment Company to secure the payment of one note for $2,750 and another note in the sum of $166.80, both of said notes being payable in monthly installments. Both of those mortgages were duly recorded in Tarrant county, where the property was situated. Thereafter, on July 25, 1928, the Union Assurance Society, Limited, executed and delivered a mortgage clause or rider stipulating for the payment of loss or damage by fire under that policy to the Murray Investment Company as mortgagee. That rider embodied the same provisions as those quoted above from the policy as originally written, with the further stipulation that it was attached to, and formed a part of, that policy. On the 27th of July, 1928, the Calvert Mortgage Company entered into a contract with the Murray Investment Company to purchase the notes above secured together with the mortgage liens securing the same, and on the same date the Murray Investment Company, at the direction of the Calvert Mortgage Company, transferred and assigned the notes and liens to the Equitable Trust Company and Hugh L. Pope, trustees; that assignment was likewise duly recorded in the deed records of Tarrant county. The agreement of the Calvert Mortgage Company for the Murray Investment Company to so assign those notes and lien was under and by virtue of the deed of trust of date July 1, 1926, executed by the Calvert Mortgage Company to the Equitable Trust Company and Hugh L. Pope, trustees, to secure the payment of certain bonds of the Calvert Mortgage Company payable to bearer, and which bonds were guaranteed by the Maryland Casualty Company.

The Union Assurance Society, Limited, issued and attached to the insurance policy above mentioned another rider as a part thereof in favor of the Maryland Casualty Company, the Calvert Mortgage Company of Baltimore, and the Murray Investment Company in like terms with the first rider above referred to. The notes so given by J. J. Prentice to the Murray Investment Company, together with the two mortgage liens above mentioned, are now owned and held by the Equitable Trust Company and Hugh L. Pope, trustees, and at the date of the trial of this case in the court below there was due thereon the sum of $2,750 principal and $823.48 interest.

On August 27, 1928, J. J. Prentice, joined by his wife, sold and conveyed the lot and dwelling to Harris Smith; that deed was duly recorded in the deed records of Tarrant county on September 22, 1928. On September 17, 1928, which was five days before the filing of that deed, the Retailers' Fire Insurance Company executed and delivered to Harris Smith a policy insuring the same dwelling house against loss or damage by fire to an amount of $3,000; that insurance extended for one year after the date of the policy, and the policy was likewise in standard form, with the same provisions as that of the policy theretofore issued by the Union Assurance Society, Limited, and on the same date of its issuance there was attached thereto as a part thereof two riders or mortgage clauses in like terms as that attached to the first policy. The first rider was in favor of the Murray Investment Company as first mortgagee, and the second recited that it was in lieu of the first rider, and provided that loss or damage under the policy shall be payable to "the Equitable Trust Company (Baltimore, Md.) and Hugh L. Pope, trustees; the Maryland Casualty Company and/or the Calvert Mortgage Company, Baltimore, Maryland, as mortgagees (or trustees) as such interest may appear, and the Murray Investment Company, as second mortgagee."

The two policies, the first issued by the Union Assurance Society, Limited, and the second by the Retailers' Fire Insurance Company, each contained these two provisions:

"This company shall not be liable under this policy for a greater proportion of any loss on the above described property than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurance covering such property.

"In case of any other insurance upon the within described property, this company shall not be liable to said mortgagees or trustees under this policy for a greater proportion of any loss or damage to the within described property than the amount hereby insured bears to the whole amount of insurance on said property, payable to, held by or consented to by said mortgagees or trustees."

On the 6th day of October, 1928, the dwelling house covered by the two policies was damaged and partly destroyed by fire, and the loss and damage thereto by reason of the fire amounted to the sum of $1,650.

Plaintiffs in this suit were the Equitable Trust Company and Hugh L. Pope, trustees, Maryland Casualty Company, Calvert Mortgage Company, and the Murray Investment Company; none of whom knew that the property had been conveyed by J. J. Prentice to Harris Smith or that the Retailers' Fire Insurance Company had issued the policy above mentioned to Harris Smith until after the fire had occurred, and in this suit they sought a recovery on the policy issued by the Union Assurance Society, Limited, and in the alter-

native on the one issued by the Retailers' Fire Insurance Company.

The fire occurred during the period covered by each of the policies, and proof of loss was given to the Union Assurance Society, Limited, by plaintiffs in the case in compliance with the terms of the policy issued by that company, and that company on the date of proof so given, to wit, December 5, 1928, denied liability, and declined and refused to pay any part thereof. Proof of loss was also made by Harris Smith to the Retailers' Fire Insurance Company under the policy issued by it. Thereafter Harris Smith and that insurance company agreed upon a settlement in the sum of $993, and on November 27, 1928, that company issued its check payable to the order of Harris Smith and the Murray Investment Company, but none of the plaintiffs was consulted or considered in reaching the adjustment, and all of them refused to accept the check as a settlement of the loss. That check has never been cashed, and it was tendered into court by the plaintiffs on the trial of the cause. The amount of the check was 50 per cent. of the loss sustained with the interest accumulated thereon.

Following are the conclusions of law reached by the trial judge:

"1. The court finds and concludes that so far as concerns the liability of the defendants, Union Assurance Society, Ltd., and the Retailers Fire Insurance Company, to the plaintiffs the policies of both companies were in effect at the date of the fire. The court finds and concludes that the liability of the defendants, Union Assurance Society, Ltd. and the Retailers Fire Insurance Company, by reason of the execution of said policies of fire insurance is one calling for a contribution and apportionment on the part of each company in the proportion that the insurance each of said companies carried upon the said property bears to the total insurance carried by both companies. The court finds that the insurance carried by each of said companies upon the dwelling house located upon said premises was in the same amount, towit, the sum of Three Thousand Dollars ($3000.00), and that each of said companies is liable for one-half of said loss.

"2. The court further finds that the plaintiffs, The Equitable Trust Company and Hugh L. Pope, Trustees, and the Calvert Mortgage Company, are the holders of a first lien upon the property covered by said policies of fire insurance and that the amount of their said first lien is in excess of the amount of the loss sustained by said property by reason of the fire and that the entire amount of said loss, towit, the sum of $1650.-00, with interest thereon, is due and payable to them and that they are entitled to judgment against each of said fire insurance companies for one-half of the amount of said loss.

"3. The court further finds and concludes that to the extent that the defendant, Union Assurance Society, Ltd., shall pay off and discharge the judgment rendered in favor of the plaintiffs against it, it should be subrogated to the lien of the plaintiffs on the property insured but that such lien and right of the defendant, Union Assurance Society, Ltd., should be in all things junior and inferior to the lien of the plaintiffs, the Equitable Trust Company and Hugh L. Pope, Trustees, and the Calvert Mortgage Company, on said property securing them for the balance due upon the indebtedness held by them.

"[Signed]   H. S. Lattimore, Judge."

Appellant insists that, since the Retailers' Fire Insurance Company was liable under the terms of the policy it issued for the full amount of the loss sustained, the recovery of the plaintiffs herein should have been against that company for the full amount of the loss, and that no judgment should have been rendered against the Union Assurance Society, Limited, who issued the first policy. And in that connection several decisions are cited to sustain the contention that Harris Smith, the last owner of the property, had the legal right to control the insurance on the property and to substitute the Retailers' Fire Insurance Company policy for the policy theretofore issued, as was done, and that therefore plaintiffs, in whose favor the mortgage clause was inserted in the second policy, should have recovered the full amount of loss on that policy only. Among the decisions so cited are London Assurance Corp. v. Belcher (Tex. Civ. App.) 5 S.W.(2d) 844; Commonwealth Insurance Co. v. Evans (Tex. Civ. App.) 42 S.W.(2d) 1088; Girard F. & M. Ins. Co. v. Farmer (Tex. Com. App.) 53 S.W.(2d) 1016; Home Insurance Co. v. Collins (Tex. Civ. App.) 55 S.W. (2d) 898.

Under the express terms of the first policy, the rights of the owner of the property to recover for losses thereunder were forfeited by the taking out of the second policy; but that act did not affect the insurable rights of the mortgagees in the first policy. Nor could the owner, by taking out the second policy without the knowledge or consent of the mortgagees, compel the latter to forego and abandon their rights under the first policy and to look for relief solely under the second policy. It is to be noted that the first policy, with a mortgage clause attached, evidenced two separate contracts, one in favor of the owner of the property and one in favor of the plaintiffs as mortgagees. And the forfeiture of rights by the owner did not affect the rights of the mortgagees. Furthermore, the judgment rendered apportioning the loss to the two insurance companies was authorized by express provisions of both policies, and the subrogation of lien was likewise in conformity with the provisions of the first policy and in accord with the decision of the Commis-

sion of Appeals in the case of British American Assurance Co. v. Mid-Continent Life Ins. Co., 37 S.W.(2d) 742. Furthermore, since appellant was not a party to the Retailers' Fire Insurance Company policy, we are unable to perceive how it could have a right of subrogation against that company for the judgment complained of.

Nor was there error in awarding interest from the date appellant denied liability and refused payment for the loss.

The award of all costs incurred by the successful plaintiffs against appellant was proper, and hence appellant shows no injury by virtue of the fact that two of the plaintiffs, to wit, Maryland Casualty Company and Murray Investment Company, who were denied a recovery, were awarded their costs against the appellant; it not appearing that any additional costs were incurred by reason of the fact that those companies joined with the other plaintiffs in whose favor judgment was rendered.

Accordingly, the findings of fact and conclusions of law of the trial court are adopted by this court, all assignments of error are overruled, and the judgment of the trial court is affirmed.