PRICE OIL MILL CO. v. MADISONVILLE OIL MILL & FERTILIZER CO. et al.
(No. 7752.)

(Court of Civil Appeals of Texas. Galveston. June 21, 1919.)

MORTGAGES ☞274—PURCHASER FROM MORT-GAGOR—RIGHTS.

One purchasing property from a mortgagor subsequent to the mortgage's execution and filing takes subject to the mortgage.

Appeal from District Court, Madison County; E. A. Berry, Judge.

Suit by the Price Oil Mill Company against the Madisonville Oil Mill & Fertilizer Company, F. A. Hardin, and R. L.

Wiley. From that portion of the judgment in favor of the last-named defendant, plaintiff appeals. Reversed and rendered.

A. H. Menefee and J. M. Brownlee, both of Madisonville, for appellant.

LANE, J. This suit was brought by the appellant, Price Oil Mill Company, a copartnership, against Madisonville Oil Mill & Fertilizer Company, a corporation, F. A. Hardin, and R. L. Wiley, for the purpose of recovering from the Mill & Fertilizer Company judgment for balance due upon four certain promissory notes executed by said company to several parties, and by them transferred to said Price Oil Mill Company; and for the purpose of foreclosing its alleged mortgage lien upon certain property of said Mill & Fertilizer Company against all of the defendants.

The plaintiff alleged the execution and delivery of the notes sued on by the Mill & Fertilizer Company; its ownership thereof; the execution and delivery by the Mill & Fertilizer Company of a certain mortgage upon certain property, among which was a certain cotton seed house on the right of way of the International & Great Northern Railway Company in Leon county, Tex.; the defendants Hardin and Wiley were in possession of and claiming title to said cotton seed house, and prayed for judgment against the Mill & Fertilizer Company for its debt and for a foreclosure of its mortgage lien upon all of said property against all of the defendants.

The Madisonville Mill & Fertilizer Company, hereinbefore and hereinafter called the Mill & Fertilizer Company, answered, admitting the allegations of the plaintiff's petition.

The defendants F. A. Hardin and R. L. Wiley answered by general denial, and specially pleaded that they bought the cotton seed house located on the right of way of the International & Great Northern Railway Company from R. J. Randolph, P. J. Randolph, and George Faulkner, on the 18th day of February, 1916; that they took immediate possession thereof, etc., and specially pleaded the two-year statute of limitation in bar of plaintiff's right to foreclose its mortgage lien upon said cotton seed house, as against them.

The cause was tried before the court without a jury, and judgment was rendered in favor of the plaintiff against the Mill & Fertilizer Company for the sum of $5,000 and for a foreclosure of its lien on all the property covered by its mortgage, except the cotton seed house claimed by defendants Hardin and Wiley. As to this house judgment was rendered for defendant R. L. Wiley under his plea of limitation, he having purchased the interest of his codefendant therein.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

From so much of the judgment as adjudged that "R. L. Wiley has the superior title by limitation to said house situated at Oakwood in Leon county, Tex., and that the plaintiff take nothing as against the said R. L. Wiley," the Price Oil Mill Company has appealed.

The contention of appellant is that the court erred in the rendition of that part of the judgment appealed from, in that the undisputed evidence shows that such title to the house involved in this suit as was held by defendant Wiley was under the Madisonville Oil Mill & Fertilizer Company; that it was obtained by Wiley subsequent to the execution, delivery, and filing of appellant's mortgage on the same house, and that whatever interest Wiley owns in said house is subject to appellant's mortgage.

We must sustain appellant's contention. The undisputed evidence shows that the notes sued upon were due and unpaid; that they were not barred by the statute of limitations; that the mortgage involved in this suit was given by the Madisonville Oil Mill & Fertilizer Company upon certain property owned by it, including the house involved in this suit, to secure the payment of appellant's notes; that the date of the execution of said notes and mortgage and of the date of filing said mortgage was anterior to date upon which Hardin and Wiley, or either of them, purchased said house.

We therefore find that the mortgage of appellant was at the time of filing of this suit a valid, unsatisfied, subsisting lien upon the house in question; that it was such prior to and at the time of the acquisition of any interest in said house by Hardin or Wiley; that appellant's right to foreclose its mortgage on said house was not barred by the statute of limitation as pleaded by defendants Hardin and Wiley. Wherefore we hold that the court erred in refusing to foreclose appellant's lien on said house, and in rendering judgment in favor of R. L. Wiley for the superior title to said house free from said lien. So finding and holding, the judgment is here rendered, foreclosing appellant's lien on said house.

Reversed and rendered.