## CRYSTAL FALLS COMMON SCHOOL DIST. NO. 3 v. SANDERS et al.

### No. 1018.

Court of Civil Appeals of Texas. Eastland.

Nov. 18, 1932.

835

Frank S. Roberts and C. J. O'Connor, both of Breckenridge, for appellants.

D. T. Bowles, of Breckenridge, for appellee.

FUNDERBURK, J.

The suit as originally brought was by J. P. Sanders and J. R. Funderburk, plaintiffs, against "J. M. Langston, R. H. Adkins and H. I. Steele, trustees of the Crystal Falls Common School District #3, a body corporate," Mrs. Millie Blackburn, county superintendent of Stephens county, Tex., First National Bank of Breckenridge, Tex., a corporation, and Beatrice Otts, defendants. Plaintiffs alleged, among other things, that: "The school trustees, a body corporate of the Crystal Falls District, have made and entered into a contract with the defendant Beatrice Otts, whereby the said Crystal Falls District has agreed to pay the said defendant Beatrice Otts, the sum of $100.00 per month * * * to transport children * * * residing in the Crystal Falls District but who have heretofore transferred out of the Crystal Falls District to the Breckenridge District, and in turn to transport the same children from the Breckenridge District back to the Crystal Falls District," etc. It was alleged, in substance and effect, that the trustees had no lawful authority to make such a contract or to pay out school funds for such a purpose. Another allegation was that "unless this court should grant a writ of injunction that the taxpayers and these taxpayers * * * named in this petition as plaintiffs would suffer irreparable damages for which they have no adequate remedy." The prayer was: "That the defendants, trustees of the Crystal Falls District, the county superintendent (Mrs. Millie Blackburn), and the county depository (the First National Bank of Breckenridge), be enjoined from paying out funds of the Crystal Falls District to the defendant Beatrice Otts or to anyone or to the Breckenridge District or to anyone * * * for * * * the transportation of the scholastics named."

Before the trial the plaintiff took a nonsuit as to the defendants Beatrice Otts and the First National Bank of Breckenridge. The judgment was in favor of the plaintiffs and against "J. M. Langston, R. H. Adkins and H. I. Steele, trustees of the Crystal Falls Common School District No. 3 and Mrs. Millie Blackburn, County Superintendent of Stephens County Texas," enjoining them "from paying out funds" of said school district "for transporting the scholastics residing in the" school district "who had theretofore regularly and legally transferred out of the Crystal Falls Common School District No. 3 to the Breckenridge Independent School District," etc. Said defendants have appealed.

■ The record discloses that the trial court was without legal authority to render the judgment. The right to an injunction, if any, was wholly dependent upon an adjudication of the invalidity of the contract by and between the trustees and Mrs. Otts. Although the judgment did not expressly declare the invalidity of that contract, it would no doubt be implied if the necessary parties were before the court. To such a judgment Mrs. Otts was a necessary and indispensable party. In her absence the court could not decree the invalidity of her contract, and without the invalidity of that contract adjudged the court was without power to enjoin the trustees from performing it. When the plaintiffs dismissed the suit as to Mrs. Otts, they were not entitled under their pleading to any judgment in their favor. The proposition is deemed so elementary as not to require the citation of authority. See, however, Butman v. Jones (Tex. Civ. App.) 24 S.W.(2d) 796.

■■ In view of another trial it may be proper to point out that the trustees of the common school district should be sued in their legal corporate name, which is "district trustees of district #3 and county of Stephens, State of Texas." R. S. 1925, art. 2748. There is no necessity to name the individual trustees unless some relief is sought against them as individuals not comprehended in the relief sought against the incorporated body.

Because, under the affirmative showing in the record, Mrs. Otts was a necessary and indispensable party, the judgment of the court below must be reversed, and the cause remanded, which is accordingly so ordered.