UNION ASSURANCE SOCIETY, LIMITED, V. EQUITABLE
TRUST COMPANY ET AL.

No. 6662. Decided June 10, 1936.
Rehearing overruled July 15, 1936.
(94 S. W., 2d Series, 1151.)

*Thompson, Knight, Baker & Harris* and *Will C. Thompson,* all of Dallas, for plaintiff in error.

*Smith & Smith,* of Fort Worth, and *Benjamin Chilton,* of Dallas, for defendant in error.

On propositions involved. Camden Fire Ins. Co. v. Clayton, 298 S. W., 451, 117 Texas, 414, 6 S. W. (2d) 1029; Girard Fire & Marine Ins. Co. v. Farmer, 36 S. W. (2d) 282; 7 Cooley's Briefs on Ins., p. 6725.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section B.

On May 29, 1928, plaintiff in error, Union Assurance Society, Limited, herein called the Union Company, issued its policy of insurance in the sum of $3000.00 on a building owned by one Casstevens. The policy was what is known as the Texas standard form and contained the usual provision that it would be void should the assured thereafter procure any contract of insurance upon the same property unless otherwise provided by agreement of the insurance company. In July, 1928, Casstevens sold the property to J. J. Prentice, and the policy was transferred to him. Prentice, a few days later, executed two mortgages upon the property, one to secure Mur-

ray Investment Company in the payment of one note for $2750.00 and the other to secure said company in the payment of one note for $166.80. The Union Company thereupon executed and delivered a mortgage clause or rider, which, among other things, provided that any loss which was sustained should be payable to the Murray Investment Company, mortgagee, as its rights might be. Later, Murray Investment Company contracted to assign the note for $2750.00 to the Calvert Mortgage Company, and at request of that company a written assignment was made to Equitable Trust Company and Hugh L. Pope, trustees, who held same in trust for Calvert Mortgage Company, the bonds of which were guaranteed by Maryland Casualty Company. All of this was made known to the Union Company and it issued another rider which was attached to and became a part of the policy. This rider provided that any loss sustained should be payable to Equitable Trust Company and Hugh L. Pope, trustees, and to Maryland Casualty Company, the Calvert Company, and Murray Investment Company, as their respective interests might be. This rider also further provided that the Union Company should not be liable to the mortgagee or trustee for a greater proportion of any loss than the amount insured under the policy bore to the whole amount of insurance upon the property payable to, held by, or consented to by said mortgagee or trustee.

On August 27, 1928, Prentice sold the property to Harris Smith, who assumed the indebtedness held by Equitable Trust Company and Hugh L. Pope, trustees. Thereupon, Smith obtained a policy of insurance from the Retailers' Fire Insurance Company in the sum of $3000.00 upon the building covered by the policy issued by the Union Company. A rider was attached to this policy providing that any loss sustained should be payable to the Equitable Trust Company and Hugh L. Pope, trustees, the Calvert Mortgage Company and the Maryland Casualty Company, as their interests might be, and to Murray Investment Company, as second mortgagee. This last mentioned policy contained the usual provision that it would be void in the event of other insurance without the company's consent, and the provision with reference to apportionment of loss in proportion to the full amount of insurance upon the property.

It was found by the trial court and the Court of Civil Appeals that the action of Prentice in selling the property to Smith, and the action of Smith in obtaining the second insur-

ance policy, with its rider in favor of Equitable Trust Company and Hugh L. Pope, trustees, and Calvert Mortgage Company, as their interests might be, was without the knowledge and consent of these parties.

On December 6, 1928, the house was partly destroyed by fire, the loss amounting to $1650.00. This suit was instituted by Equitable Trust Company and Hugh L. Pope, trustees, the Calvert Mortgage Company and the Maryland Casualty Company, herein called plaintiffs, against the Union Assurance Society, Limited, the Retailers' Fire Insurance Company, J. J. Prentice and Harris Smith. Plaintiffs sought a recovery against the Union Company for the full amount of the loss, but, in the alternative, prayed that the loss be apportioned between the two companies, or, in the further alternative, that the total loss be assessed against the Retailers' Fire Insurance Company. Judgment of the trial court was in favor of the Equitable Trust Company and Hugh L. Pope, trustees, and Calvert Mortgage Company for the amount of the loss, with interest, amounting at the date of the judgment to $1900.20. One half of this amount was assessed against the Union Company and one half against Retailers' Fire Insurance Company. It was ordered that the amounts collected should be credited upon the note for $2750.00 held by plaintiffs, and that the Union Company should be subrogated to the lien held by plaintiffs to the extent of any amount paid by it and credited upon the note. It is further provided, however, that its rights, after subrogation, should be inferior to the lien of plaintiffs for the balance of the indebtedness. Judgment of the trial court was affirmed by the Court of Civil Appeals, and a fuller statement of facts will be found in the opinion of that court. 63 S. W. (2d) 869.

Plaintiff in error has summarized its position in the following language contained in the petition for writ of error:

"The Union Assurance Society predicated its appeal on the question of liability, primarily upon the issue that Harris Smith, the owner of the property, had the right to control the insurance on the property. That Harris Smith had declined to accept the Union policy and had taken the Retailers' policy, which Retailers' policy afforded full protection to the mortgagees, the appellees herein, with the result that such mortgagees should be required to look to such Retailers' policy for their payment."

It has restated its position in a reply brief in this language:

"This writ of error involves primarily the legal proposition

of whether or not the owner of property can control the insurance on that property when such control of such insurance is exercised in such manner that the rights of lienholders on the property are protected by the insurance procured by such owner."

It relies solely upon the case of Automobile Insurance Company v. Teague (Com. App.), 37 S. W. (2d) 151. We are unable to see how that case can be of any aid to plaintiff in error. However, we are not called upon to determine whether or not either or both of the policies were void as to Smith, the owner of the property. This case is controlled by the provisions of Article 4931 of the Revised Statutes of 1925, which became a part of the policy of insurance issued by plaintiff in error. However, in this instance the policy contained a clause substantially the same as this statute. This clause constituted an independent contract between plaintiff in error and plaintiffs covering their insurable interest, and not merely the property, and could in no manner be affected by the subsequent acts of Smith, the owner of the property, in taking out the second policy of insurance. Georgia Home Insurance Company v. Golden (Com. App.), 91 S. W. (2d) 695. It follows, therefore, that plaintiffs were not required to look to the second policy, which was secured without their knowledge or consent, and which they did not elect to accept or adopt, even though it undertook to protect their interests, and they had a right to look to the Union Company for the payment of their loss. That company, therefore, is in no position to complain of the judgment which only held it liable for one half of the loss.

Plaintiff in error complains of the action of the trial court in holding that its lien by subrogation was subject to plaintiffs' lien as to the unpaid portion of the indebtedness. This precise question was determined adversely to their contention in the case of National Ben Franklin Fire Insurance Company v. The Praetorians, 67 S. W. (2d) 333, in which writ of error was refused by the Supreme Court.

The judgment of the Court of Civil Appeals is in all things affirmed.

Opinion adopted by the Supreme Court June 10, 1936.

Rehearing overruled July 15, 1936.