## BAYS et al. v. WRIGHT et al.

### No. 2240.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1939.

L. W. Shepperd, of Groesbeck, and R. W. Williford, of Wortham, for appellants.

W. W. Mason, of Mexia, for appellees.

ALEXANDER, Justice.

This suit was brought by C. O. Wright and others alleged to be residents of Limestone county and taxpayers in the Tehuacana Valley School District against Jack Bays and others as trustees for said school district. Plaintiffs alleged, in substance, that in April, 1939, the said trustees of Tehuacana Valley School District entered into a purported agreement with the Wortham Independent School District, by which all pupils of the Tehuacana Valley School District were to be transferred to the Wortham Independent School District for the school year 1939–40. They alleged that said contract was void because, among other things, one of the trustees of the Tehuacana Valley School District had been promised employment as the driver of the bus to be used in transporting the children from the Tehuacana Valley School District to Wortham Independent School District as an inducement for him, as such trustee, to vote for such contract. Plaintiffs alleged that the matter had been carried before the Limestone County School Board and said Board had held said contract to be illegal and that no appeal had been prosecuted from said ruling, but that the defendants were nevertheless seeking to and would carry out the terms of said contract unless enjoined from so doing. Upon presentation of petition at an ex-parte hearing, the trial court granted a temporary injunction as prayed. The defendants appealed.

It will be noted that the Wortham Independent School District, one of the parties to the contract sought to be canceled by the suit, was not made a party thereto. It appears to be a well settled rule that in a suit of this kind to cancel a contract or to restrain the enforcement thereof; all parties to such contract are necessary parties to the suit. Crystal Falls Common School Dist. v. Sanders, Tex.Civ.App., 54 S.W.2d 834; Taxpayers' Ass'n of Harris County v. Houston Ind. School Dist., Tex.Civ.App., 81 S.W.2d 815. Appellees concede that this is the general rule but call attention to the fact that in their petition they allege that "the Wortham Independent School District has agreed to release the trustees of the Tehuacana Valley District from any obligation by reason and virtue of the contract and are willing to release such trustees at this time of any obligation to transfer pupils of the Tehuacana Valley District to Wortham Independent School District." It is their contention that this allegation relieved them of the necessity of joining the Wortham Independent School District as a party to this suit. We cannot agree with this contention. This is an equitable suit and the primary object of equity is to grant full relief and to adjust in one suit the rights and duties of all interested parties that grow out of or are connected with the subject matter of the suit. All persons in whose favor or against whom there might be a recovery, however partial, and all persons who are so interested that their rights or duties might be affected by the decree, must be made parties in order that their rights may be adjudicated and finally determined, and all parties bound by a single decree. 17 Tex.Jur. 34; Pomeroy's Equity Juris., Vol. 1, 4th Ed., sec. 114; Montgomery v. Owen, Tex.Civ.App., 37 S.W.2d 1107. The allegation by plaintiffs that the Wortham Independent School District had agreed to and was willing to release the Tehuacana Valley District from any obligation under said contract was a mere ex-parte allegation on the part of plaintiffs. The Wortham Independent School District would not be bound by such allegation, but, regardless of any decree that might be entered in this suit, it could maintain a subsequent suit against the Tehuacana Valley School District for the enforcement of this contract. The Tehuacana Valley District is entitled to have the Wortham Independent School District before the court as a party to this suit in order that it may be judicially determined whether said district has waived its right under the contract so that the Tehuacana Valley District may not be subjected to a second suit to determine the validity of said contract.

In view of the possibility of further litigation over this same matter, we call attention to the fact that plaintiffs' petition does not state whether the Tehuacana Valley District is an independent or common school district. If it is an independent district, the suit should be brought against it in its corporate name. If it is a common school district, the trustees should be sued in their legal corporate names as provided in R.S. art. 2748; Crystal Falls Common School Dist. v. Sanders, Tex.Civ.App., 54 S.W.2d 834, par. 2.

The judgment of the trial court is reversed and the injunction is dissolved.