## FELDMAN v. COSTA.

### No. 13384.

Court of Civil Appeals of Texas. Dallas.
April 2, 1943.

Rehearing Denied April 30, 1943.

Leo R. Tresp, of Dallas, for appellant.

Earl A. Forsythe and Charles S. McCombs, both of Dallas, for appellee.

LOONEY, Justice.

The material facts giving rise to the present controversy are these: In October, 1940, Dr. James T. Mills and wife obtained a loan of $16,000 from the Southern Trust & Mortgage Company, and executed a deed of trust upon certain real estate in the City of Dallas to secure the indebtedness, Aubrey M. Costa being named Trustee. Among other things, the deed of trust obligated the mortgagors to keep the property adequately insured in some insurance company acceptable to and designated by the Trustee, against loss by fire and other named hazards, containing the regulation mortgagee subrogation clause. In February, 1942, D. D. Feldman, the appellant, purchased the property from Mills and wife, subject to the unpaid balance of the indebtedness, which, at the time, amounted to the sum of $15,101.60, evidenced by promissory note executed by Mills and wife, payable to the order of Southern Trust & Mortgage Company. At the time of Feldman's purchase, the property was adequately insured by a policy amounting to $22,500, containing a loss payable clause in favor of the mortgagee. By agreement of the parties, this insurance was retained. Prior to Feldman's purchase, the note and deed of trust had been transferred by Southern Trust & Mortgage Company to the Equitable Life Insurance Company of Iowa and were owned by the latter company at the time of the institution of the present suit.

After purchasing the property, and on the expiration of the then existing insurance, Feldman, through Costa, procured the issuance of a three-year policy by the Potomac Fire Insurance Company for $22,500, effective March 21, 1942, containing the Texas Standard Form 130-A, Mort-

gagee's Loss Payable Clause, in favor of the Equitable Life Insurance Company, the owner and holder of the indebtedness. It seems that at the time of these transactions, Mr. Costa, named as Trustee in the deed of trust, was an officer of Southern Trust & Mortgage Company, the original mortgagee, and was also a member of the firm of Love & Costa, the insurance agency that issued the Potomac policy.

In this status, Feldman, asserting the right to control the insurance, that is, to cancel or have canceled the existing policy and obtain insurance in a company of his own choosing, procured the issuance of a five-year policy by the Northern Insurance Company of New York, in the amount of $30,000, containing an appropriate loss payable clause in favor of the mortgagee, the Equitable Life Insurance Company, tendered the same to Costa, Trustee, and demanded that he cancel the policy for $22,-500 issued by the Potomac Insurance Company and accept in lieu the new policy for $30,000, issued by the Northern Life Insurance Company, offering to pay the short rate premium on the Potomac policy. Feldman's demand for cancellation of the policy being refused (to the extent of the unpaid balance due on the mortgage), he instituted the present suit against Costa, individually and as trustee in the deed of trust, seeking injunctive relief, both temporary and permanent, compelling cancellation of the existing insurance and the acceptance in lieu of the new policy tendered. Neither the Equitable Life Insurance Company, mortgagee, nor the Potomac Fire Insurance Company, insurance carrier, was made a party to the suit. After hearing evidence, the court refused to issue the temporary mandatory injunction requiring appellee to cancel the Potomac policy and accept in lieu the Northern Insurance Company policy, from which order, this appeal was taken.

We do not think the court erred in refusing to issue the temporary injunction. In view of the provisions of Art. 4931, R.C.S., which, by operation of law, became a part of the insurance contract, the loss payable clause of the Potomac policy, in favor of the Equitable Life Insurance Company, created a contractual relationship between the Potomac Company and the Equitable Company that Feldman was not authorized to disturb or abrogate (See Camden Fire Ins. Ass'n v. Clayton, 117 Tex. 414, 6 S.W.2d 1029; Georgia Home Ins. Co. v. Golden, 127 Tex. 93, 91 S.W.2d 695; Union Assur. Soc. v. Equitable Trust Co., 127 Tex. 618, 94 S.W. 2d 1151). These Companies were not made parties to the suit, although the relief sought, if granted, would materially have affected their contractual rights. Proper parties not being before the court, we do not think error was committed in refusing the temporary relief sought. See Crystal Falls Common School Dist. v. Sanders, Tex. Civ.App., 54 S.W.2d 834; Taxpayers' Ass'n of Harris County v. Houston, etc., Dist., Tex.Civ.App., 81 S.W.2d 815; Bays v. Wright, Tex.Civ.App., 132 S.W.2d 144; 17 Tex.Jur., p. 34, § 32.

We think it obvious that, if the relief sought had been granted, cancelling the Potomac policy, including the loss payable clause in favor of the Equitable Life Ins. Company, the status quo would have been destroyed and the whole purpose of the lawsuit accomplished, contrary to the prevailing doctrine in this State. See James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, approved by Sup.Ct. and authorities cited; Welsh v. Carter, Tex. Civ.App., 30 S.W.2d 354.

Appellant failed to show that if refused the injunction, he would suffer irreparable damage for which he had no adequate relief. The record discloses that his right to insure the property in any company of his choosing, and for such an amount as he could procure over and above the unpaid balance of the mortgage debt, was not questioned by appellee. Appellant seems to contend that if the Potomac policy is not cancelled, the existence of the two policies on the same property would jeopardize his right to protection, in that, in the event of loss by fire, serious difficulty would be encountered in enforcing his rights by reason of the existence of the two policies. If such a situation had arisen, it would have been the result of appellant's own conduct and he alone would have been to blame.

Appellant contends that, under a provision of Art. 5062a, Vernon's Ann.Civ. St., he had the absolute right to choose his own agent or insurance carrier, irrespective of the rights of either of the other parties involved. We do not think so; the subject of the Act in question, that is, § 5 of Art. 5062a, as amended in 1935 by the 44th Legislature (See Session

Acts, p. 204, Ch. 83, § 2), was in regard to the licensing of insurance agents; the right of citizens to choose their own agents and insurance carriers was not the subject of legislation expressed in the title of the Bill, hence the language seized upon by appellant, reading: "* * * it is the intent of this Section to preserve to each citizen the right to choose his own Agent or Insurance Carrier, * * *" embraced in the Act, has no legislative significance under the plain provision of § 35, Art. 3 of the Constitution, Vernon's Ann.St., which provides that any subject embraced in an Act, not expressed in the title, shall be void. However, we think that under the freedom of contract enjoyed by all, every citizen has the fundamental right to choose his own agent or insurance carrier, but this right extends to the mortgagee as well as to the mortgagor, as the mortgagee also has an insurable interest in the property. See Ferguson v. Dickinson, Tex.Civ.App., 138 S.W. 221. However, the exercise of such a right in a particular instance may be limited or waived by contract, as we think was accomplished by the provision of the deed of trust heretofore mentioned, wherein the mortgagors (Mills and wife) agreed to keep the property adequately insured in some insurance company acceptable to the Trustee (Costa), said insurance to be issued by an agency designated by him. This provision, in our opinion, was perfectly legal, based upon a valid consideration, and in no sense violative of our Anti-Trust Code, Vernon's Ann. Civ.St. art. 7426 et seq., or any public policy of the State, as contended by the appellant. Having purchased the property from the owners, the original grantors in the deed of trust, subject to the unpaid balance of the mortgage indebtedness, referring to the record of the deed of trust evidencing same, we think appellant is bound by all the terms and conditions of the instrument and occupies precisely the same relation to the property as did the original mortgagors. See Michigan Sav. & Loan Ass'n v. Attebery, 16 Tex.Civ. App. 222, 42 S.W. 569, writ refused; Price Oil Mill Co. v. Madisonville, etc., Co., Tex. Civ.App., 214 S.W. 708; Moerbe v. Beckmann, Tex.Civ.App., 132 S.W.2d 616, App. dism.

So, being of opinion that the judgment of the court below was correct, it is affirmed.

Affirmed.