## BEENE v. ANTHONY et al.

### No. 3130.

Court of Civil Appeals of Texas. Waco.

Dec. 3, 1953.

Rehearing Denied Jan. 7, 1954.

Adams, Browne & Sample, Beaumont, for appellant.

Cecil, Keith & Mehaffy, Beaumont, for appellees.

TIREY, Justice.

This is a negligence case grounded upon a highway collision. Plaintiff, appellant here, brought this suit for damages as a result of injuries received by his wife while sitting in the cab of his truck parked off of the pavement on the side of the highway, the injuries having been received by his wife as a result of a logging truck being operated into the rear of the truck in which Mrs. Beene was sitting. At the conclusion of plaintiff's evidence the trial court sustained motion for peremptory instruction as against Ted Anthony, Garland Anthony, Grady Grigsby and James H. Payne, doing business as the Vidor Lumber Company, and against the plaintiff T. C. Beene. When the trial court announced its decision to sustain motion for directed verdict in favor of the Vidor Lumber Company and the individual co-partners thereof, plaintiff filed motion to sever said cause insofar as his alleged cause of action relates to A. T. Lacy and Steve Royal and to continue said severed cause upon the docket of the court, and the court granted such motion and severed such cause insofar as it relates to defendants Lacy and Royal and continued the same upon the docket of the court for further action. Thereafter the court decreed that plaintiff T. C. Beene take nothing against Ted Anthony, Garland Anthony,

Grady Grigsby and J. H. Payne, doing business as the Vidor Lumber Company, and the Vidor Lumber Company, a co-partnership composed of the parties named. To this action of the court plaintiff excepted and perfected his appeal.

Point 1 complains of the instructed verdict.

Plaintiff went to trial on his first amended original petition in which he alleged substantially that defendants Ted Anthony, Garland Anthony, Grady Grigsby and James H. Payne were doing business as partners under the name of Vidor Lumber Company, and that they were engaged in a milling and lumber business and that in the course of such business they employed other persons to cut timber and haul logs for them. Steve Royal and A. T. Lacy were also made parties defendant and plaintiff further alleged that at the time in question Steve Royal was driving a motor vehicle owned by A. T. Lacy and that Royal and Lacy were engaged in hauling logs for the Vidor Lumber Company, and that they were engaged by Vidor Lumber Company for the purpose of hauling such logs and that Lacy and Royal were agents, servants and employees of Vidor Lumber Company acting in the course of their employment; that on September 2, 1948 plaintiff's truck, with trailer attached, was parked off the pavement on the Beaumont-Orange Highway in front of a store in Vidor, Texas; that plaintiff's wife and child were sitting in the truck; that at said time Steve Royal was driving a two-ton truck with trailer attached, loaded with logs, such truck being owned by Lacy, and negligently drove said truck and trailer at a high and dangerous rate of speed on such highway into plaintiff's truck and trailer, and as a result of the collision plaintiff's wife was severely injured; that Royal, the driver of the truck at the time of the accident, was an agent and employee of Lacy, acting in the course of his employment. Plaintiff also alleged specifically the injuries resulting to his wife and the damages resulting to his truck and trailer and prayed for appropriate relief.

Pertinent to this discussion Vidor Lumber Company and the partners thereof entered a general denial. They further pleaded that the injuries and damages sustained by plaintiff were due solely to the acts and omissions of a third party.

Mrs. Beene, wife of plaintiff, testified in part to the effect that the accident occurred on Highway 90 in front of a store in Vidor; that her husband had parked his truck off of the pavement of the highway and had gone into the store; that they had been to Galveston and were on their way home; that she was sitting in the truck; that her daughter was asleep in her lap and that she was bending over her to wake her when their truck was struck; that the truck which collided with her husband's truck was loaded with logs.

The plaintiff testified in part to the effect that he had parked his car on the south side of Highway 90 in front of a store at Vidor, some six or eight feet off of the pavement; that he left his wife and child in the truck and went into the store to make a purchase and while in the store he heard a collision; that he went out to look to see what had happened and went to the assistance of his wife and baby; that after attending his wife and child he saw that the truck that ran into his truck was operated by a colored boy; that it was a logging truck and was one with a trailer behind it loaded with logs.

Defendant Grigsby, one of the partners of the Vidor Lumber Company, called as a witness by the plaintiff, testified to the effect that Steve Royal, the driver of he truck, was not in the employ of Vidor Lumber Company at the time of the accident, and we find that there are no facts and circumstances in the record to contradict or impeach this witness in this behalf. He further testified to the effect that A. T. Lacy, the owner of the truck, was not in their employ at the time the accident happened, and there are no facts or circumstances in the record to contradict or impeach the witness' testimony in this behalf.

Going back to the testimony of Mrs. Beene, wife of appellant, we find that her testimony related only to the accident and the manner in which it happened and the

injuries she sustained, and does not throw any light or tender any issue as to A. T. Lacy's connection with the Vidor Lumber Company, nor does it in any manner tender any fact or circumstances of probative value to show that the driver, Steve Royal, was in the employ of the Vidor Lumber Company. We also find that the testimony of the plaintiff, T. C. Beene, considered in the most favorable light to him is without any probative force to tender any issue of employment or agency of A. T. Lacy or Steve Royal with the Vidor Lumber Company, or that the Lacy's truck was under the control of or being used by the Vidor Lumber Company under its control in the pursuit of its business.

Much has been written by our courts as to when one is or when one is not an independent contractor. Our Supreme Court in Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905, made substantially this general statement of the rule: Where there is no dispute about the controlling facts, and there is but one reasonable conclusion that can be inferred from such facts, the question of whether one is an employee or independent contractor is one of law and not of fact.

Our Supreme Court in Halliburton v. Texas Indemnity Insurance Co., 147 Tex. 133, 213 S.W.2d 677, 681, citing the Southard case, stated the rule in this manner: "It is only 'where there is no dispute about the controlling facts, and there is but one reasonable conclusion that can be inferred from such facts,' that the question of whether one was an employee or independent contractor becomes one of law and not of fact."

The Southard case and the Halliburton case, supra, cite substantially all of the leading Texas cases discussing this question.

Appellant grounded his cause of action on the theory that A. T. Lacy, the owner of the truck, and the driver, Steve Royal, were engaged in hauling logs for the Vidor Lumber Company and that in so doing they were the agents, servants and employees of the Vidor Lumber Company, acting in the course of their employment at the time of the accident and injuries in question. Needless to say, plaintiff had the burden of adducing evidence of probative value tendering such issues. The Statement of Facts consists of 131 pages. We have examined it most carefully and it is our view that it wholly fails to do so.

In appellant's memorandum brief filed in this court we find this statement: "It is true that there was no direct testimony in the case that the truck which injured appellant's wife was hauling from Grayburg other than the indication by one of the defendants on the following day that the driver was hauling from the company's tract at Grayburg. However, the circumstantial evidence outlined in the original brief before this court was such that there could have been a reasonable difference of opinion as to whether or not the truck was hauling from that tract or not."

We have carefully reviewed appellant's original brief in this behalf, together with the entire Statement of Facts, and we find no circumstantial evidence of probative value tendering a justiciable issue for the jury under the rule of law here applicable.

■ Appellant's Point 2 is to the effect that the court erred "in refusing to allow appellant to read into evidence the deposition of L. A. Caldwell, who was the woods superintendent of the defendants, under Rule 182, Texas Rules of Civil Procedure, and in ruling that if such deposition were offered, it would be under the same terms and conditions as though the said L. A. Caldwell were a disinterested witness."

It is without dispute that the witness Caldwell was not a party to the suit and he was in the employ of the partnership operating under the name of Vidor Lumber Company. As we understand the record, when appellant tendered the deposition of this witness he announced to the court that he was tendering it under Rule 182, T.R.C.P., and that he was doing so with the view that appellant would not be bound by any part of his testimony that

was unfavorable to his cause of action. The court announced to appellant's counsel that it was his view that Rule 182 had no application to the testimony of this witness and if he offered it, the court's ruling would be that Caldwell's testimony was that of a disinterested witness. Thereupon appellant did not tender the deposition of Caldwell for the consideration of the jury, but did offer parts of his testimony for the purpose of perfecting his bill of exception, and the other part of Caldwell's testimony was offered by the appellees for the purpose of completing the bill of exception. The bill does not show that appellant had any witness who would impeach or contradict any part of the deposition of the witness Caldwell. We have read the deposition of the witness Caldwell very carefully and we see nothing in this witness' deposition that tenders any issue that Lacy and/or the driver of the truck Royal were the agents, servants or employees of Vidor Lumber Company, acting in the course of their employment as such. So, our view is that if error was committed by the trial court in this behalf, it would certainly be a harmless one.

The testimony of the witness Grigsby, a partner in the Vidor Lumber Company, called by appellant, testified to the effect that Royal was not in their employ at the time of the accident and that the truck of Lacy was not in their employ and not under their control at the time of the accident, and his testimony is clear, direct and positive and is free from contradictions and inconsistencies and circumstances tending to cast suspicion upon it. Appellant did not tender Lacy nor Royal to impeach or contradict Grigsby's testimony, and no explanation is given as to why he did not do so. Under the record here made, we think it was the duty of the trial court to grant Vidor Lumber Company's motion for an instructed verdict. Such rule was followed by this court in Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., 96 S.W.2d 788, points 2 and 3 (no writ history), and cases there collated. See also statement of the rule by this court in Dunlap v. Wright, Tex. Civ.App., 280 S.W. 276, point 6, page 279, no writ history; also Heiner v. Homeland Realty Co., Tex.Civ.App., 100 S.W.2d 793, no writ history; Great Southern Life Ins. Co. v. Dorough, Tex.Civ.App., 100 S.W.2d 772, no writ history.

From what we have said, it necessarily follows that it is our view that all of the other points raised and briefed by appellant become immaterial and pass out of the case; otherwise, they are expressly overruled.

The judgment of the trial court is affirmed.